### ALDERMAN vs. SHARE.

A *constable* who *levies* on property by virtue of a justice's execution, may *sell* the same after the expiration of his term of office ; and such was the law previous to the act of 1830.

ERROR from the Onondaga common pleas. Share sued Alderman in a justice's court, and declared against him in *trover* for taking certain property, and converting the same to his use. The defendant pleaded the general issue ; the cause was tried before the justice, and judgment rendered for the plaintiff. The defendant appealed to the common pleas of Onondaga, where the cause was again tried, and a special verdict

found, from which it appeared that the property in question was sold by the defendant as a constable, by virtue of a justice's execution, which was delivered to him on the 16th March, 1829; that a levy was made by virtue thereof two days thereafter, and the property advertised to be sold, and that on the 13th April, 1829, the property was sold; and it further appeared, that on the *first Tuesday* of April, 1829, the defendant's *term of office* as a constable expired, and that he was *not* re-elected. On this verdict the C. P. gave judgment for the plaintiff for the amount specified by the jury, and the defendant sued out a writ of error.

*J. Watson,* for plaintiff in error.

*E. W. Leavenworth,* for defendant in error.

*By the Court,* SUTHERLAND, J. The only question in this case is whether a constable who, during his term of office, *levies* on property by virtue of a justice's execution, can sell that property under the execution after he is out of office.

In relation to *sheriffs* it is well settled, that an execution is an entire thing, and that the sheriff, to whom an execution is delivered, and who levies on property, must complete the sale, although he has ceased to be sheriff. Cro. Jac. 73. 2 Saund. 47, b. note 2. 20 Johns. R. 73. 2 Caines, 244. 2 Cowen, 423. 3 id. 95. Another principle which has an important bearing in this case is, that when property is *levied upon,* sufficient to satisfy the execution, it is a discharge and extinguishment of the judgment. 2 Ld. Raym. 1074. 12 Johns. R. 207. 4 Mass. R. 403. 4 Cowen, 417. 7 id. 21, 315. 2 Saund. 344, note 3. A justice's execution having been levied on sufficient property to satisfy it, cannot be renewed. 1 R. L. 393. 12 Johns. R. 320. If a constable under such circumstances cannot proceed and sell, what is to be done? The property levied upon is in judgment of law, and may be in point of fact, in his possession; he has a special property in the goods, and may maintain trespass or trover for them. No statutory provision exists for the handing over of the execution, and the completion of the sale by another officer. I apprehend the legisla-

NEW-YORK,
May, 1831.

Alderman
v.
Share.

ture must have intended that the same course of proceeding should be adopted, under such circumstances, so far as the necessity of the case required it, as was pursued by sheriffs in relation to their executions. No objections in point of propriety or expediency exist to it, and I perceive no legal objection to it. It is said by this court, in *Pixley* v. *Butts,* 2 Cowen, 423, "that the conduct of constables, upon process from justices' courts, must be governed by the same law as that of sheriffs upon process of the higher courts, where there is no statute regulation upon the subject."

In 1830, the legislature provided expressly for the case of justices' executions, by enacting that any constable to whom any execution shall have been *issued and delivered,* and whose term of office shall expire, &c. may proceed in the same manner *in all respects as if the term of office of such constable had not expired.* Laws of 1830, p. 395, § 285. Under this act, if an execution is merely *delivered* to a constable, and he goes out of office the next day, without any thing having been done under it, he is authorized to proceed and levy and sell. Now although that provision covers the case, it goes much beyond it, and cannot therefore be considered a clear legislative declaration that the power *to sell after levy made* did not belong to constables before, as was insisted in argument on the part of the defendant in error.

Judgment reversed.