## PURSLEY vs. RAMSEY.

1. The liability of one of two defendants, depending upon the question whether he was the partner of the other, who signed a note sued on with a signature purporting to be that of a firm, and of articles of partnership between them being offered in evidence, and their execution proven, it is not competent for the defendant, resisting a recovery against him, on cross examination to ask the witness who proved the execution of the articles, what was said between the parties contracting, immediately after the execution of the articles, as to reason why a firm name was not adopted, and also as to the right of one partner to sign the name of the other.

2. In such a case, it is competent for the plaintiff, by proving dealings of the defendants with other persons, before the making of the note sued on, to show dealings on joint accounts, the use of a firm name, and its recognition by both parties.

3. It is not necessary that a firm name be inserted in the articles of partnership. The name in which their business is done, and by which they are generally known, becomes legitimately their firm name.

4. Declarations of one partner, in the course of casual conversations, are incompetent to show either a dissolution of a partnership, or, (if that were established by other evidence,) to affect parties not present, with notice of a dissolution. Public or personal notice of a dissolution of a co-partnership once existing, is necessary to affect persons not previously dealing with the firm.

Certiorari, in Catoosa Superior Court. Decided by Judge WALKER, at the May Term, 1860.

The record in this case discloses the following state of facts, to wit:

Reynold A. Ramsey and others, brought various suits in the Justices' Court of 1095th district, G. M., of Catoosa county, against Robert Ware and Thomas K. Pursley, to recover the amount of divers promissory notes, purporting to be signed by "R. Ware & Co.," and by "T. K. Pursley, by R. Ware."

To these cases, Thomas K. Pursley pleaded *non est factum* in due form, and averring in his plea that he had never authorized Robert Ware as his agent or partner, or in any other way or manner, to sign said notes for him.

At the trial term of said cases, judgments were rendered in favor of the plaintiffs against the defendants, Robert Ware and Thomas K. Pursley.

**ADMISSION OF PARTNER.** "In a suit against a partnership in which a plea is filed by the only party served that he is not a member of the firm, but not denying in terms the existence of such a firm, the **admission of the person** so **served that he is a member** of the partnership is **competent evidence against him** to prove his connection with the firm. If there is a return of non est as to the other members, and they fail to appear, the **judgment will bind the individual property of the party served, and the property of the firm** of which he is so proved to be a member at the date of the contract, but of no other firm." Fleshman & Co. *v.* Collier, 47 Ga. 253 (2). Collier *v.* Cross, 20 Ga. 1, overruled in Pursey *v.* Ramsey, 31 Ga. 403. See Fleshman's case, supra, p. 256.

From these judgments Pursley entered appeals, and at the trial term of the appeal, it was agreed by the counsel of the parties that all the cases should be tried together, and that one verdict should determine all the cases.

When the notes sued on were offered in evidence, they were objected to by the counsel for the defendant, on the ground that but two of the makers of the notes were sued, and that the law required all of the makers of a joint note to be sued together, and that in the case of a joint and several note, either one or all of the makers must be sued. The objection was overruled and the notes admitted, to which defendant excepted.

Plaintiff then offered in evidence articles of partnership between Ware and Pursley, to which counsel for Pursley objected, on the grounds—

1st. That the articles of partnership did not authorize Ware to bind Pursley individually, and that, if such partnership existed, Ware had no power to bind Pursley, except as a partner, and in this case he signed Pursley's name not as partner, but as agent.

2d. That, even if the question of partnership were involved in this case, the articles showed authority to bind Pursley only in January, 1857, when the contract was made, if at all, and not such authority in October, 1858.

The objection was overruled, and the evidence admitted, to which defendant excepted.

Counsel for defendant proposed, in cross-examination of J. J. Smith, the witness by whom the execution of the articles of partnership was proved, to ask him what was said between Ware and Pursley, as to why a firm-name was not inserted in the articles, and also as to the right of one partner to sign the name of the other, the conversation occurring immediately after the execution of the articles.

The testimony was objected to by the plaintiff's counsel, and repelled, to which the defendant excepted.

Plaintiff, also, proved that the notes sued on were given for stock, and that the names were signed by Ware—Pursley being then absent with stock to sell; that Pursley bought stock in the fall of 1858, and gave his note therefor, which note Ware endorsed, and that Ware left the county the day after the notes sued on were given; that Ware and Pursley had given other notes for stock, signed by them individually,

and in one instance, Pursley, after going and selling the stock, returned, and when the note was presented to him, he recognized it as right, and promised to pay it; that, in another instance, notes signed by Ware, exactly similar to the notes sued on, were given for borrowed money, in 1857, and when presented to Pursley, he seemed surprised and astonished that such notes were in circulation, avowing that Ware had no authority to sign his name to the notes, but said that the holder should lose nothing, and afterwards paid the note, requesting the holder to say nothing about it; that this transaction occurred soon after Pursley returned from market with stock; that, in another instance, Ware gave notes signed like those sued on for borrowed money, to be used in buying stock, and that, after Pursley returned from market with the stock, he and Ware gave new notes for the old ones, signing each his own name.

Counsel for defendant objected to all this testimony, because it all related to transactions before the notes sued on were given, and showing, as it did, only an implied authority to make notes a considerable time before the date of the notes sued on, did not illustrate any issue in this case.

The objection was overruled, and defendant excepted.

Plaintiff, also, proved a conversation with Pursley in relation to a letter written by Pursley, in which he said that the eight hundred dollars he had sent to Ware was his proportion of the mules he had bought for him in the Cove.

The plaintiff then closed, and counsel for defendant proposed to prove that, prior to the giving of the notes sued on, Ware took up the articles of partnership between him and Pursley, from the person with whom said articles were deposited, and said that the partnership was dissolved, and that before the giving of the notes sued on, Ware had repeatedly, and to divers persons, declared that the partnership was dissolved.

The plaintiff's counsel objected to this testimony, and the Court repelled the evidence, to which defendant excepted.

Counsel for the plaintiff, whilst addressing the jury in conclusion, stated that the horses and mules for which the notes sued on were given, had been appropriated to the individual debts of Pursley, which statement was unwarranted by the testimony; also, the said counsel, in conclusion, read to the jury a case from *20th Georgia Reports, of Collins et al. vs.*

*Cross et al.*, which, he said, was just like the case then on trial, and that defendant's plea was insufficient, which case was not read by the counsel who opened the case for the plaintiff, nor was any objection to the plea taken before the Court; said counsel, also, remarked in the hearing of the jury, just as they were retiring to consider the case, that it was a plain case, and that it would not take the jury five minutes to make up a verdict.

The jury returned a verdict in favor of the plaintiff for the amount of the notes sued on.

The case was taken by writ of certiorari to the Superior Court of Catoosa county, and the presiding Judge, upon the facts before stated, and after argument had thereon, dismissed the certiorari, and affirmed the judgment of the Justices' Court, and this decision constitutes the error complained of in this case.

W. K. MOORE, for the plaintiff in error.

W. H. UNDERWOOD, for the defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

1. The first error complained of in this case is, that the Court, of original jurisdiction, permitted the notes sued on to be read in evidence, overruling the objection of plaintiff in error, that but two of the makers of the notes were sued, whereas "the law requires all of the makers of a joint note to be sued together, and that in the case of a joint and several note, either one, or all of the makers must be sued."

The notes in suit were signed "R. Ware & Co.," "T. K. Pursley, by R. Ware." The objection assumes that the signature "R. Ware & Co." represents a plurality of persons, of whom the plaintiff in error is not one; but that nowhere appears. It is insisted throughout by the defendants in error that, if R. Ware had no authority to bind the plaintiff in error by his individual signature, he nevertheless had authority to bind him as a partner; that there was a partnership existing between them in a particular trade; that the notes sued on were given in the course of that trade, and that the signature of R. Ware & Co. represented that partnership. In the absence of proof, therefore, that that signature repre-

sented a firm, or a plurality of persons, of whom plaintiff in error was not one, this objection is simply begging the question. If intended to represent Ware and Pursley, and no other, then there were but two signers of the notes, and they were both sued. That objection to the notes, as evidence in the cause, was certainly not well taken.

2. The articles of partnership between Ware and Pursley being offered in evidence, plaintiff in error objected, first, because "the articles of partnership did not authorize Ware to bind Pursley individually, and that, if such partnership existed, Ware had no power to bind Pursley, except as partner, and in this case he signed Pursley's name not as partner, but as agent."

This objection, like the other, assumes that the defendants in error did not seek to hold the plaintiff in error bound under the signature of R. Ware & Co., whilst we understand, from the whole conduct of the case in the Court of original jurisdiction, as disclosed by the record, as well as by the argument before us, that they not only held him so bound, but that was their chief reliance. If the signature of R. Ware & Co. did bind Pursley, a futile attempt to bind him further by his individual signature, did not discharge him from the partnership liability. Why, upon the hypothesis that he was a partner in the firm of R. Ware & Co., Ware sought to bind him individually, does not appear, nor need we inquire. The plaintiff's object on the trial was, to prove him bound by one signature or the other, and it was their privilege to insist upon both. The articles of partnership were certainly relevant evidence, and that disposes of this objection on the first ground taken.

But this objection is urged, secondly, on the ground "that, even if the question of partnership were involved in this case, the articles showed authority to bind Pursley only in January, 1857, when the contract was made, if at all, and not such authority in October, 1858," (the date of the notes).

This position (conceding for the argument that there were articles of partnership, conferring on Ware authority to bind Pursley as partner) assumes that such authority was limited to January, 1857. The answer is, that it was necessary for the Court and jury to have before them the articles, that they might ascertain the duration of that authority. If, upon examination of the articles, it appeared that the partnership

did not expire by its own limitation before the date of the notes in suit, then any authority they may have conferred on Ware to bind Pursley, continued until the making of the notes, unless the partnership were previously dissolved, and the onus of proving a dissolution was upon the plaintiff in error. It would seem, then, that the objection to this evidence was properly overruled.

3. On the cross-examination of the witness who proved the execution of the articles, plaintiff in error asked him what was said between the partners, Ware and Pursley, immediately after the execution, as to the reason why a firm-name was not adopted, and also as to the right of one partner to sign the name of the other. Objection being made, the question was ruled out, and that is assigned as error.

This evidence could have no possible effect, unless by varying the terms of the articles of partnership—by proving a contract of partnership, different from the written articles, which is inadmissible. It is an attempt to show a limitation in parol, fixed at the time of signing the articles, upon the power of one party to bind the other, and that, too, in prejudice of the right of strangers to the articles, who subsequently dealt with the firm. Authorities to this point are abundant, but it is enough to cite one from the decisions of this Court—

"Parol evidence is inadmissible to prove any contract different from the written agreement, unless from *fraud, accident,* or *mistake,* the instrument fails to speak the intention of the parties." *Wynn, Shannon & Co. vs. Cox,* 5 *Georgia Reports,* 373.

4. Several witnesses were offered to prove dealings of the plaintiff in error and R. Ware, with divers persons, after the execution of the articles of partnership, and before the dates of the notes in suit, showing purchases made by each on joint account, and on credit, the manner in which notes were given in the course of their dealing (in several instances precisely such as these), and the subsequent payment of them by the plaintiff in error.

Plaintiff in error objected, and the objection was overruled.

In a case like this, where one partner denies the authority of the other to bind him in a particular transaction, it is certainly competent to show that by their general course of dealing, the authority to bind in like cases, as by the use of

a particular partnership name, had been recognized and acted upon by him. It is not necessary that a firm-name should be inserted in the articles of partnership. The name in which their business is done, and by which they are generally known, becomes legitimately the firm-name. *Collyer,* §215, *and Note* 3. *Citing: 2 Peters' Reports,* 198.

5. Plaintiff in error sought to show a dissolution of the partnership by proving that, prior to the dates of the notes sued on, Ware had withdrawn the articles of partnership from the person in whose custody they had been placed by consent, saying that the partnership had been dissolved; and by proving that Ware had stated the same thing to divers persons, at sundry times, before the making of the notes sued on. Objection being made, the Court ruled out the evidence, and to this ruling plaintiff in error excepted. The evidence offered was incompetent to prove either a dissolution of the copartnership, or notice thereof (had there been no other proof of it) to the defendants in error. The copartnership can not be dissolved, or, in other words, the liability of the partners can not be prevented, *quoad* third persons, without notice to them, and to the world in general, that the copartnership no longer exists. *Collyer on Partnership,* §120. *Citing: Lucas vs. The Bank of Darien, 2 Stewart,* 280.

A copartnership once entered into is presumed to continue, as to third persons, until notice is given. *Thurston vs. Perkins, 7 Missouri,* 29. *Princeton & Kingston Turnpike Co. vs. Gulich, 1 Harr.* 160.

Public notice of dissolution must be given, to affect persons not previously dealing with a partnership, and actual notice to dealers. *Collyer,* §532, *and Note* 3.

The evidence offered would have been good against Ware, but not against third persons.

6. Plaintiff in error, further, insists that the verdict of the jury is contrary to law and evidence.

It appears from the record that there were in evidence, on the trial, articles of partnership between Ware and Pursley, though they are not in the record. There was, however, abundant evidence that they were jointly interested in a trade, carried on in buying and selling horses, mules, etc.; each occasionally buying, and each selling—one selling what the other had bought. Some, at least, of the notes in suit were given (as proven) for such stock as they dealt in. Notes

signed, as were these, by Ware, in consideration of such stock purchased, whilst Pursley was absent, selling stock, were, in some instances, paid by Pursley, and in others, on his return taken up, and the joint and several notes of Ware and Pursley substituted for them. In one instance, only, Pursley, having a note, signed as are those in suit, presented to him, expressed surprise—but subsequently paid it with a *protestando* against the authority of Ware to bind him.

On a careful review of all the testimony, we are of opinion that the jury were justified in finding the existence of a partnership, and that the plaintiff in error was bound by the signature R. Ware & Co. to the notes. It was not necessary that a firm-name should be agreed upon in the articles of partnership. If there were evidence of an agreement to buy and sell on joint account, for mutual profit, and if one with the knowledge and assent express or implied of the other, was in the habit of using the name used in this case, that is sufficient.

The Judge of the Superior Court sustained all the rulings of the Justices' Court, and the verdict of the jury, on hearing of the certiorari, and we affirm his judgment.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.