Fleshman & Company vs. Collier.

---

M. FLESHMAN & COMPANY, plaintiffs in error, vs. GEORGE W. COLLIER, defendant in error.

1. In a suit in which one of the issues is whether a partnership existed or not at the date of the contract sued on, evidence of the existence of partnership some three months after the date of the contract is admissible, to be considered by the jury with other evidence tending to show the partnership at the time alleged.

2. In a suit against a partnership in which a plea is filed by the only party served that he is not a member of the firm, but not denying in terms the existence of such a firm, the admission of the person so served that he is a member of the partnership is competent evidence against him to prove his connection with the firm. If there is a return of *non est* as to the other members, and they fail to appear, the judgment will bind the individual property of the party served, and the property of the firm of which he is so proved to be a member at the date of the contract, but of no other firm.

Partnership. Service. Judgment. Before Judge HOPKINS. Fulton Superior Court. April Term, 1871.

George W. Collier brought case against M. Fleshman, Benjamin Franklin and William Rich, late partners in leasing and house building, using the firm name of M. Fleshman & Company. The declaration alleged that said defendants had damaged plaintiff in the sum of $6,000 00; for that said defendants, on June 13th, 1865, made and entered into a written contract with plaintiff substantially as follows, to-wit: Plaintiff, by his agent and attorney, William Ezzard, agreed to lease to said defendants his brick building in the city of Atlanta, for the term of one year from September 1st, next. In consideration of which defendants agreed to reconstruct said building one story high, in accordance with certain specifica-

tions in the contract set forth. Defendants to have the refusal of said store house after the expiration of said lease as long as they may desire to occupy it—plaintiff retaining to himself the right to place such additional stories upon said building as he may think 'proper; provided defendants shall not be compelled to pay rent for such time as they may be deprived of the use of their said store in consequence of the making of said improvements. That defendants failed and refused to erect or rebuild said house, whereby plaintiff has been damaged $6,000 00.

The defendant, William Rich, was served, and a return of *non est inventus* made as to the others.

The defendant, Rich, pleaded the general issue and no partnership.

On the trial two witnesses for plaintiff, William Ezzard and T. R. Ripley, testified that they saw the defendant, Rich, sign the firm name of M. Fleshman & Company to a written contract dated September 15th, 1865; that the signature was " M. Fleshman & Company, per William Rich & Company." The defendant objected to all evidence touching this instrument or its execution. The objection was overruled, and the evidence admitted. The plaintiff tendered in evidence said instrument; the defendant objected; the objection was overruled and the instrument admitted. The contract was of a similar character to the one set forth in the declaration, Fleshman & Company agreeing to erect a building upon a certain lot in the city of Atlanta, in consideration of the lease of said lot to them for a certain length of time.

The jury returned a verdict for the plaintiff for the sum of $2,560 00, principal and interest.

The defendant, Rich, moved for a new trial upon the following, among other grounds, to-wit:

1st. Because the Court erred in permitting evidence to go to the jury to show that William Rich was a member of the firm of William Rich & Company long subsequent to the date of the contract sued upon.

2d. Because the Court erred in charging the jury as follows;

to-wit: "It must appear that defendant was a member of the firm of M. Fleshman & Company at the time of the making of the contract, and that the contract was the act of the firm done by one of its members, or by an agent duly authorized to act for it; or, if he was not a member, that the contract was made by some one who assumed to act as his agent, and he afterwards, with a full knowledge of all the facts, ratified it. If it was made in his name or for him by one who was not authorized to act for him, and he subsequently, with a knowledge of the facts, spoke of it as being his own contract and adopted it as being his own, he would be bound by it, and if you find that he did ratify the act of the assumed agent, the ratification would relate to the execution of the contract, and he would be bound by it as though he had authorized it in the first instance."

The motion for a new trial was overruled by the Court and defendant excepted, and assigns said ruling as error.

D. FAND; W. R. HAMMOND; P. L. MYNATT, for plaintiffs in error.

1st. Evidence of the existence of the firm of M. Fleshman & Company, after the date of the contract sued on, was inadmissible: 1 Greenleaf's Ev., secs. 52, 448; 2 Ga. R., 244; 12 *Ibid.*, 591; 13 *Ibid.*, 206; 20 *Ibid.*, 1; 25 *Ibid.*, 642; Collyer on Part., sec. 772.

2d. The Court erred in charging the jury that, although William Rich was not a member of the firm, that if the contract was made by some one who assumed to act as his agent, if he afterwards ratified it, he would be liable: Collyer on Part., sec. 725; Story on Agency, sec. 251; 1 Chitty's Pl., secs. 1, 44; 13 Maine R., 478; 5 Greenleaf's R., 379; 10 John. R., 477; 6 Carr. and P. R., 535.

L. E. BLECKLEY; JOHN COLLIER, for defendant.

1st. The contract of September 15th, 1865, was admissible as evidence, to be weighed by the jury: 20 Ga. R., 15. The case of Collier vs. Cross, 20 Georgia, 1, is relied on by plaintiff in error. That case was decided by two Judges, only, and

Fleshman & Company *vs.* Collier.

is, perhaps, not fully reported as to all the material facts : 25 Ga. R., 608. The report does not so state, but, doubtless, the suits were between the firm and other persons, who were strangers to the case then on trial. If this is true, the judgments offered were *inter alios acta :* 1 Phillips' Ev., 326 ; Cowen and Hill's Notes, 571, 585 ; Parsons on Part., 195.

2d. Proper construction of Collier *vs.* Cross : 31 Ga. R., 403 ; Pars. on Part., sec. 194 ; 2 Greenleaf's Ev., sec. 483.

3d. Charge on the subject of ratification was right : 1 Ga. R., 418 ; 6 *Ibid.*, 166 ; 10 *Ibid.*, 362 ; 13 *Ibid.*, 46 ; 16 *Ibid.*, 424 ; 19 *Ibid.*, 596 ; 24 *Ibid.*, 310 ; 30 *Ibid.*, 695.

MONTGOMERY, Judge.

1. The first exception considered by the Court in this case was the overruling of the objection made by defendant to proof of the existence of the partnership of M. Fleshman & Company, and that he was a member of it some three months after the date of the contract sued on. The strongest case relied on by the plaintiff in error, (and defendant below,) is *Collier et al. vs. Cross et al.,* 20 *Georgia,* 1. In that case, it was decided that evidence of a partnership, existing prior to the date of the contract sued on, was inadmissible to show its existence at that date. Then, only two Judges presided, and one of them, (Judge Benning,) himself, overrules the first point decided in 25 *Georgia,* 608. The second point decided in *Collier vs. Cross,* and the one here relied on, is overruled in *Pursley vs. Ramsey,* 31 *Georgia,* 403. The authority, then, fails the plaintiff in error. Is not the reason of the thing against him ? How impossible would it often be to prove the existence of a partnership at any exact date. Proof that the persons alleged to be partners so acted before or after, or before and after the time at which it becomes material to charge them as such, is all that can be reasonably expected in many cases. The evidence will go to the jury for what it is worth, having more or less weight, accordingly, as the time when they are proved to have been partners, is more or less remote from the time at which it is sought to charge them as such,

and to be considered by the jury with the other evidence in the case; as for instance, in this case, the introduction of Rich to Ezzard, the agent of the plaintiff below, by Cohen, (who made the contract as agent for M. Fleshman & Company with Ezzard as plaintiff's agent,) as a member of the firm, and the failure of Rich to deny it; and again, the offer of the plaintiff to Rich to cancel the agreement or to submit their difference growing out of it to arbitration, and Rich's refusal to do either, still not denying that he was a member of the firm. We are satisfied there was no error in the admission of this evidence.

2. The next ruling of the Court below insisted on as error, was the admissions of Rich in evidence to show himself a member of the firm, it being urged that such admissions were not competent until proof of the partnership *aliunde,* because it affected the interests of the other alleged members, and bound their property by the judgment. To support this objection many authorities are relied on, which I will briefly review: *McCutchen vs. Bankston,* 2 *Georgia,* 244, relied on by plaintiff in error to support this point, was an attempt to prove admissions of an alleged partner, not a party to the suit, against his alleged copartner, the defendant. The Court held the partnership must first be proved to the satisfaction of the Court. The existence of the partnership must necessarily be shown to make the admission of one not a party competent against the defendant. The Court rejected the testimony because not satisfied of the existence of the partnership, as he well might not be—the proof showing a partnership formed by the defendant sometime in 1856 or 1857 with *William* Thomson and Z. Holloway. The note sued on was dated May 12th, 1837, and signed *Samuel* Thomson & Company. The attempt was to prove the admissions of Samuel Thomson against the defendant. In 12 *Georgia,* 591, two were sued, and the admissions of one held inadmissible *against the other,* until the joint interest was otherwise proved. In *Strauss vs. Waldo, Berry & Company,* 25 *Georgia,* 641, A and C were sued as partners on a note signed "*A.*" C plead-

ed no partnership. *No proof was offered that he was a partner:* Held, that such proof should have been made; the plea cast the *onus* on the plaintiff. It will be recollected that in the case at bar only the defendant, Rich, was sued, and a return of *non est* as to the others. Of course, under the Code, only the individual property of Rich, and the property of the firm of which he was a member, are bound by the judgment. It will be perceived from the short synopsis I have given of the chief cases relied on by plaintiff in error, that the evidence of the admissions of one alleged partner are inadmissible until proof of partnership by other means, *against his alleged partner,* but surely they are admissible against himself, and are a sufficient foundation for a judgment against *him* as a member of the firm, which will bind his individual property. It will be borne in mind that Rich no where denies the existence of the firm at the date of the contract. His plea goes only to the extent that he was not then a member of it.

It was not necessary, then, under section 1888 of the Code to prove the existence of such a firm as M. Fleshman & Company—that is conceded by the form of the plea—but only that Rich was a member of it. The judgment binds only the individual property of Rich, and the property of a firm doing business at the date of the contract sued on, under the name of M. Fleshman & Company, of which Rich was a member. If property be levied on, under the judgment and claimed by a firm bearing that name, proof that Rich was no member of it at the date of the contract would discharge the levy. Again, by what right does Rich object to this evidence? All that the authorities relied on show, is that the evidence is not admissible as against *other members of the alleged partnership.* They are not here objecting. Suppose A is sued and permits judgment to go by default, and the plaintiff proves his claim by evidence that might have been excluded had the case been contested, it will not be denied that the evidence was properly admitted, the defendant not choosing to appear and object. Now, suppose A and B sued as partners, and both served, A pleads no partnership, and B permits judgment to go by

default. On the trial it is proposed to prove the partnership by A's admissions. Can he object in behalf of B? As against him, the evidence is good: 2 Greenleaf's Evidence, section 484. As against B it is incompetent, but B does not choose to object: Greenleaf's Evidence, 177. The case at bar is not so strong. The judgment will not even bind the other alleged members to the existence of the partnership.

In McPherson *vs.* Rathbone, 7 Wendell, 220, it is said, "the declarations of one of several partners cannot be given in evidence to prove a partnership, only as against the person making them." In Whitney *vs.* E. Ferris, impleaded with others, 10 Johns., 66, the plaintiff sued three defendants, as partners. E. Ferris was served, and a return of *non est* as to the others. The plaintiff offered to give in evidence the declarations and acts of Jonathan Ferris, (one of the two not served,) to show that Bostwick, (the other of the unserved partners,) was in partnership with Jonathan and Elijah Ferris. Defendant's counsel objected to any evidence of the declarations or acts of J. Ferris, implicating E. Ferris, until the plaintiff had first proved the fact of a partnership between the three persons charged. The Chief Justice overruled the objection, and admitted the evidence. The jury found for the plaintiff, and defendant moved to set aside the verdict. The Court say, "the declarations and acts of Jonathan Ferris are evidence to show that he considered himself a partner with Bostwick and Elijah Ferris, but they are not evidence directly to implicate or charge Elijah with being a partner. They were, therefore, admitted in this case in too broad a latitude, and we cannot say what influence they might have had with the jury in charging Elijah directly as a partner. We cannot certainly determine but that if those declarations had been understood and declared to operate only as an admission of Jonathan Ferris against himself, the jury might have found a different verdict"—and, therefore, a new trial was granted.

That case and the one at bar run very nearly parallel—the difference being that the party served in the present case is the one whose declarations are offered in evidence to prove him a

partner. If the case just referred to be law, as we think it is, they are clearly admissible.

We, therefore, affirm the judgment.