## FLOURNOY & EPPING *vs.* WILLIAMS.

1. Sayings of one member of an alleged partnership, not made in the presence of the others, or brought to their knowledge and assented to or ratified by them, are inadmissible to establish the existence of the partnership so as to bind the other parties.

2. Sayings or writings of a party in his own favor, made in the absence of the other party, are not admissible on behalf of the person making them.

3. A charge not applicable to the facts of the case should not be given.

(*a*.) Where an agent employs another to aid him in the conduct of his agency, the person so employed does not become a partner of the agent as to the principal, and the agent may sue the principal for commissions without joining such person with him.

Evidence. Partnership. Charge of Court. Verdict. Before Judge WILLIS. Talbot Superior Court. September Term, 1881.

Reported in the decision.

SAMUEL B. HATCHER, for plaintiffs in error.

J. M. MATTHEWS; J. H. MARTIN, for defendant.

SPEER, Justice.

The plaintiffs brought their suit against the defendant to recover a balance alleged to be due, with interest, on account stated, attached as a bill of particulars. To this suit defendant filed a plea of set-off by account, in which he alleged plaintiffs were indebted to him for commissions due on seventy tons of guano sold for him at four dollars per ton. Under the evidence and charge of the court, the jury returned a verdict in favor of the defendant below for the sum of eighty-four dollars and eighty cents.

The plaintiffs made a motion for a new trial on several grounds, which was refused by the court, and plaintiffs excepted. The defence set up by plaintiffs to the account plead as a set-off by defendant, was that the defendant was not entitled to receive his commissions on the guano sold until all the guano notes were collected; that defendant guaranteed the collection on the guano he sold; that there was still unpaid a large amount of the guano sales made by defendant. That if they owed any one for the commissions on said guano sales, they owed Williams, Martin & Bro., as partners, and not Williams alone, and hence, the set-off pleaded was not a mutual debt between plaintiffs and defendant, and could not be pleaded as a set-off in this suit. Upon these two points the controversy in the case was heard.

1. The first ground of error assigned in the motion for

new trial by plaintiffs was the exclusion of certain letters written by Martin & Bro., to plaintiffs, to establish the fact that the set-off pleaded was the debt of Williams, Martin & Bro., joint agents in the sale of the guano. The object of the letters thus offered was to establish the fact of a partnership between Williams and Martin & Bro. While we admit that it was both relevant and proper under the issue presented to establish this fact, yet we do not think the letters were admissible for such a purpose. Martin & Bro. were not parties to this suit, and the letters were not admissible as admissions. The question on this issue was, were Williams, Martin & Bro. partners in the sale of this guano for plaintiffs; and it is a well settled rule, " that the sayings or admissions of one of an alleged partership, not in the presence of the others, nor brought to their knowledge and assented to or ratified by them, are inadmissible to bind the other party, or establish the existence of a partnership." 44 *Ga.*, 228. Partners are but agents, one for the other, and the declarations of an agent are not admissible to establish the fact of his agency, in the absence of his principal.

2. Neither was there error in ruling out the letters written by plaintiffs, in reply to the letters of Martin & Bro. They were simply the sayings of plaintiffs in the absence of the defendant, Williams, and were inadmissible.

3. Error is also assigned on the refusal of the court to charge as requested by plaintiffs in error, " If the jury believe from the evidence that Williams went to Columbus with the knowledge and consent of Martin & Bro., and at their instance, and made a contract with plaintiffs, who at the time knew that Martin & Bro. were to sell jointly with Williams, then the contract is with Williams, Martin & Bro., and it would not be necessary for Martin & Bro. to be present."

We cannot, after a careful examination of the testimony, see that the charge as requested was pertinent, or supported by the facts proved on the trial. The issue presented

was, whether there was a partnership between Williams and Martin & Bro., as to plaintiffs. It is an undisputed fact that the original contract was made between the plaintiffs and Williams, for him to sell this guano. Afterwards Williams seems to have interested Martin & Bro. as agents to aid him, as he claims, in the work. Admitting they were, as claimed by plaintiffs, joint agents with Williams, that of itself does not constitute them partners as to plaintiffs, if they were not embraced in the contract Williams made. If Williams made the contract alone with plaintiffs, and he afterwards engaged Martin & Bro. as his agents, to aid, the contract still was between him and plaintiffs, and he could collect on it without joining Martin & Bro.

Williams testifies he employed Martin & Bro. Such is also the testimony of Martin, and this is corroborated by Flournoy himself, one of the plaintiffs, and the book-keeper, who testified that Williams contracted with the firm ; and we find no evidence in the record that changes this contract, as between Williams and the plaintiffs, so as to make Williams and Martin & Bro., partners in their dealings with plaintiffs. We see, therefore, no relevancy in the charge asked for under the facts, but it only would have presented an irrelevant issue to the jury, without aiding them to a conclusion. The two simple questions in this case were, did the defendant, Williams, guarantee the collection of the guano debts contracted, as claimed by plaintiffs ? Second, were the parties who sold this guano partners, as to these plaintiffs, in any contract made with them that would make the debt due for commissions on sales had a debt due to them as partners, and, therefore, not such a debt as defendant, Williams, could plead as a set-off to plaintiffs' suit ?

On both of these issues of fact, under the evidence, the jury have passed, and, we think, admitting it is conflicting, there is sufficient evidence to sustain their finding, and as the law of the case was fairly given in charge, we see no legal reason for disturbing the verdict.

Judgment affirmed.