5003.   SWYGERT BROTHERS *v.* BANK OF HARALSON.

1. Partnership or no partnership is a fact which may be proved by statements or admissions of the alleged partners. Where suit on a promissory note is brought against a partnership as the alleged maker thereof, and the defendants rely upon the defense that the person who executed the note was not in fact a member of the partnership, while the admissions of that person, made in the absence of the others, would not be sufficient evidence against them of the existence of the partnership, yet where each of the alleged partners admitted that he himself was a member of the firm, their admissions would be sufficient to prove the existence of the firm as alleged.

2. Under the Civil Code (1910), §§ 3172, 3180, one member of a commercial partnership can bind it by signing its name to a promissory note under seal in the course of the business of the partnership.

3. The partnership was proved as alleged in the petition, no error of law appears, and the verdict for the plaintiff was properly affirmed by the trial judge in his refusal to grant a new trial.

DECIDED OCTOBER 28, 1913.

Complaint; from city court of Newnan—Judge Post.   May 20, 1913.

*Hall & Jones,* for plaintiffs in error.   *W. G. Post,* contra.

HILL, C. J.   Suit on two promissory notes purporting to have been made by Swygert Brothers was brought by the Bank of Haralson against Swygert Brothers as a copartnership, and against A. M. Swygert, R. S. Swygert, W. A. Swygert, and S. C. Swygert as the members of the firm.   The individuals named were also sued as indorsers.   The verdict was for the plaintiff, and the defendants' motion for a new trial was overruled.   The case is here on exception to this judgment.   The record discloses that the controlling issue in the case is as to the existence of the partnership as alleged in the petition.   The evidence is uncontroverted that the two notes were executed in the name of Swygert Brothers by R. S. Swygert, and that the money obtained from the bank on these notes was deposited in the bank to the credit of the firm of Swygert Brothers. The evidence indicates also that R. S. Swygert signed not only his own name, but also the names of the other alleged partners, as indorsers on the two notes, but in the view that we take of the case we do not regard the question as to liability of these parties as indorsers as material, the whole case turning on the questions whether R. S. Swygert was a member of the firm of Swygert Brothers at the time he executed the notes, and, if so, whether he was authorized by that relationship to execute the notes in the name of the

partnership, and whether the individuals named in the petition as members of the firm of Swygert Brothers were in fact members of the copartnership.

It appears from the record that this is the second verdict on these issues in favor of the plaintiff. If, therefore, there is any evidence in the record in support of the verdict, it will not be disturbed by this court, unless some material prejudicial error of law was committed. We might content ourselves with the statement that the evidence on the question of partnership supports the verdict, but we will briefly summarize the evidence on this point. Repeated admissions were proved to have been made by each one of the alleged copartners that he was in fact a member of the firm of Swygert Brothers. It is contended by the learned counsel for the plaintiffs in error that the existence of a partnership can not be proved by the admissions of those alleged to be members. The general rule on this subject, which seems to be well settled, is that a partnership may be proved by evidence that each and all of the alleged partners admitted its existence, but that the admissions of one defendant, made in the absence of the others, is not evidence against the others of the existence of the partnership. This rule is stated as follows in *Flournoy* v. *Williams,* 68 *Ga.* 707: "The sayings or admissions of one of an alleged partnership, not in the presence of the others, nor brought to their knowledge and assented to or ratified by them, are inadmissible to bind the other party, or establish the existence of the partnership so as to bind the other parties." Now the evidence discloses that the existence of the partnership alleged does not depend upon the admission of one of the partners, but that each one of the individuals named as partners admitted on several separate occasions that he was a member of the firm of Swygert Brothers. So on this point we have the statement of each one of the alleged members of this firm, admitting his relationship to the firm. In other words, the existence of the partnership was shown by evidence of admissions of each individual who was alleged to be a partner that he was in fact a member of the firm. The law being well settled that the admissions of an individual are binding upon him, it follows that when all the alleged members of the firm admitted the existence of the partnership the partnership was in fact proved. It is contended by learned counsel for the plaintiffs in error that the law defines and establishes what

constitutes a partnership, and that the existence of a partnership between given persons can not be established by the admissions of one of them; that his admission that he is a partner is simply his opinion; and the case of *Flournoy* v. *Williams,* supra, is relied upon as supporting this contention. As we have seen, that authority is simply to the effect that the admissions of one of the alleged partners would not be binding upon the others; the decision did not go to the extent of holding that the fact of partnership could not be proved or established by admissions. It is held in *Sankey* v. *Hall,* 44 *Ga.* 229, that "partnership or no partnership is a fact, and a witness may so state, but the fact so stated may be qualified and extended by other facts in evidence, either from the witness or from other testimony," and that "the sayings of one of the partners, not expressly or by implication brought to the knowledge of the other, are no evidence against that other in an issue of partnership." Judge McCay, in discussing this point, says: "It is sometimes difficult to say what is a fact and what is a conclusion. Half of what every man tells as facts is nothing but very certain conclusions. We think partnership or no partnership, ordinarily, may be stated as a fact." But, as above stated, it is well settled by authority that a partnership may be proved by evidence that each of the alleged partners admitted its existence and his membership. Gordon *v.* Bankard, 37 Ill. 147; Smith *v.* Collins, 115 Mass. 388; Huysser *v.* Lawson, 90 Mo. App. 82.

The evidence is also undisputed that in making the loan represented by the two promissory notes sued upon the plaintiff bank relied upon the truth of the statement of each one of the alleged partners that they were in fact members of the firm. The bank, having acted upon these admissions, could have relied upon the doctrine of estoppel on this question of partnership, under the principle laid down in *Thornton* v. *McDonald,* 108 *Ga.* 4 (33 S. E. 680) ; but the plaintiff is not compelled to invoke this doctrine. It can rely upon the fact of the partnership as proved by the admissions of each of the alleged members thereof. These admissions were denied by each one of the alleged partners, but this issue is foreclosed by the verdict. The partnership being proved, the question arises as to the authority of R. S. Swygert to execute the two notes sued on, in the name of the partnership. One partner has the authority to bind the members of the firm within the legitimate business of the

firm. This rule is predicated upon the doctrine of agency. Civil Code (1910), §§ 3172, 3180. It is not denied that the two notes, if authorized, were within the scope of the legitimate business of the firm, nor is it denied that the firm got the proceeds of the notes. While the general rule as to the authority of one partner to bind a partnership is based upon his being a general agent of the firm while acting in the general scope of the partnership business, it is insisted that the notes were under seal, and that the authority to make these notes by one of the firm should also have been under seal. The authority to bind the partnership in the execution of a promissory note arises from the relationship, and not from any express authority from the other partners. In *Merchants & Farmers Bank* v. *Johnston*, 130 *Ga.* 661 (61 S. E. 543, 17 L. R. A. (N. S.) 969, 14 Ann. Cas. 546), construing sections 2643 and 2651 of the Civil Code of 1895 (Code of 1910, §§ 3172, 3180), it is held that "one member of a commercial partnership can bind it by signing its name to a promissory note under seal, in the course of the business of the partnership." In discussing the question the court says: "No restriction is made as to sealed instruments. In the making of promissory notes printed forms are commonly used, a very large percentage of which are prepared with a view to their execution under seal, the recital that they are given under seal and the device to be used as a seal appearing on the printed form. It is a matter of common practice for such notes to be executed by one partner on behalf of the firm, often with no attention paid to the fact that the notes thus given are under seal, and without any question arising as to the power of the partner to bind the firm in so executing them. Such notes are doubtless regarded by the parties as binding obligations on the firm in whose behalf they are executed, and we think they are to be so regarded under the law, in view of the broad power given to a partner in the sections of the code above referred to." In *Griffin* v. *Colonial Bank*, 7 *Ga. App.* 126 (66 S. E. 382), it is held that "prima facie, the execution of a negotiable note in the name of the partnership by one partner is within the scope of the partnership business, and binds the firm and individual members thereof," and in *Bishop* v. *People's Bank of Calhoun*, 7 *Ga. App.* 432 (67 S. E. 119), it is held that "one partner in an ordinary commercial partnership has authority to execute a promissory note under seal, binding his co-

partners." See, also, *Fincher* v. *Hanson*, 12 *Ga. App.* 612 (77 S. E. 1068).

Besides the direct evidence of the existence of the partnership as alleged, there are circumstances in proof upon which the jury would have been authorized to infer that R. S. Swygert, who executed these notes in the name of the partnership, was not only a member of the partnership, but was fully authorized to execute the notes. The evidence discloses that he was held out to the world by the other members of the firm as a member, the business of the firm was entrusted to him, and he executed all the notes and checks which were used by the firm in the transaction of its commercial business. The evidence shows that the individual members of the firm not only held themselves out to the world as partners, but they held out to the world the fact that R. S. Swygert was a partner of the firm, and that he was duly authorized as an agent to transact the business of the firm. As to creditors we think these facts were sufficient to bind each one of the defendants as partners; for it is a sound principle, both of law and honest commercial transactions, that only slight evidence would be necessary to bind the parties as partners in their relations to creditors, although it might require stronger proof to establish the partnership inter sese. *Chaffee* v. *Rentfroe*, 32 *Ga.* 477; *Scranton* v. *Rentfrow*, 29 *Ga.* 341.

We do not deem it necessary to discuss specifically each one of the special exceptions. We have examined them very carefully in the light of the general instructions to the jury and the evidence. While there may have been some immaterial inaccuracies in the instructions objected to, yet when they are considered with reference to the entire charge of the court we find no material error; on the contrary, the charge as a whole presents the issues most fully and favorably to the contentions of the defendant. As restricted by the rulings of the trial judge, there was no error in the admission of the evidence objected to. We have no hesitation in holding, after a careful consideration of the entire case, that the trial was not only fairly and ably conducted by the trial judge, but that his rulings were correct, that his instructions to the jury presented every material issue favorably to the defendant, and that the verdict in favor of the plaintiff is fully justified by the evidence.

*Judgment affirmed.*