10000.   RELIANCE FERTILIZER CO. *v.* PERRY *et al.*

The issue of partnership or no partnership, raised by the pleading in this case, was broad enough to authorize proof by the plaintiff of either a partnership in fact or an ostensible partnership. The writings signed by the defendants which the plaintiff offered in evidence and which the court excluded were competent to show a partnership in fact; though, in the absence of proof that the plaintiff, when entering into the contract sued upon, relied upon or was misled by the admissions in the excluded writings, they were not admissible to show an ostensible partnership. The court erred in excluding them, and in directing a verdict for the defendants.

DECIDED APRIL 17, 1919.

Action on contract; from city court of Thomasville—Judge W. H. Hammond. June 27, 1918.

*W. L. Clay, Merrill & Grantham,* for plaintiff.

*Titus, Dekle & Hopkins, Peacock & Gardner,* for defendants.

WADE, C. J. The Reliance Fertilizer Company brought suit against the Boston Oil Mill Company, as a copartnership composed of F. S. Perry, G. M. Cochran, and S. A. Cole, for breach of a written contract. The alleged partners jointly filed a plea of misjoinder, and also filed separate pleas of no partnership, as well as an answer to the petition. When the case came on for trial the defendants moved that the issues raised by their pleas of misjoinder and of no partnership be tried before the trial of the issues made by the petition and their answear thereto. The court granted this motion. At the conclusion of the testimony submitted by the plaintiff, the court on motion directed a verdict for the defendants.

Thereupon the plaintiff sued out a bill of exceptions, assigning error upon the direction of the verdict, and upon the exclusion of certain evidence offered by the plaintiff.

The evidence the exclusion of which is complained of is a recorded agreement between the defendants and the Southern Bank and Trust Company dated September 28, 1916, an agreement between the same parties dated August 25, 1916, and a recorded mortgage between the same parties dated October 21, 1916. These instruments were each signed by each of the defendants, and show that the Boston Oil Mill Company was at the time of their execution a partnership composed of F. S. Perry, G. M. Cochran, and S. A. Cole. The trial judge stated that his reason for not allowing these instruments in evidence was that they "were, under the law as laid down by the Georgia Supreme Court [in *American Cotton College* v. *Atlanta Newspaper Union*], Vol. 138, page 148 (4 a), irrelevant, because there was no proof that the plaintiff had knowledge of such agreements at or prior to its alleged contract with the defendants upon which suit is brought." The ruling referred to has reference to *ostensible partnerships* only, and is, as we hereinafter endeavor to make clear, entirely inapplicable to the instant case, there being a manifest distinction between proof of a partnership in fact and proof of an ostensible partnership. The issue raised by the pleadings was partnership or no partnership, and the plaintiff, in order to hold the defendants liable on their contract, could rely either upon proof that they were partners in fact or upon proof that they were merely ostensible partners. The issue therefore was not solely whether the defendants were ostensible partners. Had this been the case, they could not (the principle of estoppel applying) be held liable as ostensible partners, without proof of some misleading act on their part, known to the plaintiff and upon which the plaintiff acted to its detriment. The evidence rejected was entirely admissible to show actual partnership, though not an ostensible partnership; and consequently the learned trial judge erred in ruling it out altogether.

In the case of *Swygert* v. *Bank of Haralson*, 13 Ga. App. 640 (79 S. E. 759), this court, speaking through Chief Judge Hill, very clearly drew the distinction between proof of a *partnership in fact* and the law applicable thereto, and proof of an *ostensible partnership not existing in fact,* and the law applicable thereto. In that

decision (p. 641) it was said: "Repeated admissions were proved to have been made *by each one* of the alleged copartners that he *was in fact* a member of the firm of Swygert Brothers. It is contended by the learned counsel for the plaintiff in error that the existence of a partnership cannot be proved by the admissions of those alleged to be members. The general rule on this subject, which seems to be well settled, is that a partnership may be proved by evidence that each and all of the alleged partners admitted its existence, but that the admissions of one defendant, made in the absence of the others, is not evidence against the others of the existence of the partnership. This rule is stated as follows in *Flournoy* v. *Williams,* 68 *Ga.* 707: 'The sayings or admissions of one of an alleged partnership, not in the presence of others, nor brought to their knowledge and assented to or ratified by them, are inadmissible to bind the other party, or establish the existence of the partnership so as to bind the other parties.' " Now, in the case under consideration, the rejected evidence (which was in the form of written instruments) admitted over the signature of each one of the defendants the existence of a partnership. Therefore on this point we have the written statement of each of the alleged partners, admitting a partnership and his relation thereto. In the opinion in the *Swygert* case, supra, it was said (p. 642): "The evidence is also undisputed that in making the loan represented by the two promissory notes sued upon the plaintiff bank relied upon the truth of the statement of each one of the alleged partners that they were in fact members of the firm. The bank, having acted upon these admissions, *could* have relied upon the *doctrine of estoppel* on this question of partnership, under the principle laid down in *Thornton* v. *McDonald,* 108 *Ga.* 4 (33 S. E. 680); *but the plaintiff is not compelled to invoke this doctrine. It can rely upon the fact of the partnership as proved by the admissions of each of the alleged members thereof.*" (Our italics.) This is a clear statement of the position taken by the plaintiff in the instant case,—that he was not compelled to rely upon the doctrine of estoppel, but could rely altogether upon proof of partnership in fact.

It is true that the rejected testimony shows that the admissions of the alleged partners that they were, as between themselves as well as towards the public, actual copartners, liable for the obligations of the Boston Oil Mill Company and entitled to participate

in its profits, involved transactions prior to the contract sued upon. However, such admissions were amply sufficient to show the existence of a partnership at the time they were made. Park's Ann. Code, §§ 3155, 3158; *Pursley* v. *Ramsey*, 31 *Ga.* 403; *Chaffee* v. *Rentfroe*, 32 *Ga.* 477; *Fleshman* v. *Collier*, 47 *Ga.* 253 (2); *Cary* v. *Simpson*, 15 *Ga. App.* 280 (3), 283 (82 S. E. 918). And a partnership once proved is presumed to continue until proof of its termination. *Pursley* v. *Ramsey,* supra; 16 Cyc. 1053.

Consequently, our judgment is that the able trial judge erred in rejecting the proffered testimony discussed above, and in thereafter directing a verdict for the defendants. Moreover, even if the rejected testimony had been legally inadmissible, the court was (there being no evidence introduced in behalf of the defendants) without authority to direct a verdict against the plaintiff on the theory that it had not made out a prima facie case, since it has been repeatedly held that, if the evidence fails to support the allegations of the petition, the trial court, though possessing the right to grant a nonsuit when the plaintiff rests, has no power to direct a verdict for the defendants. *Hanson* v. *Crawley*, 51 *Ga.* 529; *Exposition Mills* v. *W. &A. R. Co.*, 83 *Ga.* 441 (10 S. E. 113). However, had the direction of a verdict been the only error in the trial of this case, the judgment of the lower court would be affirmed, on the condition that the verdict directed be vacated, and a judgment of nonsuit entered. *Guest* v. *Tyner*, 141 *Ga.* 402 (*b*) (81 S. E. 125.)

The other assignments of error, all of which complain of the exclusion of certain testimony, are without substantial merit, or the alleged errors are not likely to recur on another trial.

*Judgment reversed. Jenkins and Luke, JJ., concur.*