### 12161. BRADY *et al. v.* PHILLIPS MULE COMPANY.

JENKINS, P. J. 1. The rule of law, that, where payment upon a written evidence of debt is made to one who purports to act as the holder's agent but fails to produce the writing, the burden is upon the debtor to prove the agent's authority to receive the payment (Civil Code of 1910, § 3578), has no application where payment on a note payable to a partnership is made to one of the partners. In such a case, upon proof of the partnership, the payment is binding against it, even though the paper itself was not produced at the time the payment was made. Civil Code (1910), §§ 3180, 3179, 3172.

2. Where, under a plea of payment, the sole issue is that of partnership or no partnership, as pertaining to the person to whom the payment was made, his admissions, unassented to or unratified, would not of themselves be ordinarily admissible for the purpose of proving the fact of partnership so as to bind the undisputed partners; yet partnership or no partnership is a fact which may be established by statements or admissions of the undisputed partners, or by statements of an alleged partner made in their presence and not dissented from by them, where the circumstances are such as to impose a duty to make denial. *Flournoy* v. *Williams,* 68 *Ga.* 707; *Swygert* v. *Bank of Haralson,* 13 *Ga. App.* 640 (79 S. E. 759).

3. The existence of a copartnership when once established is presumed, as to third persons, to continue until notice of dissolution has been given that the copartnership no longer exists. Civil Code (1910), §§ 3180, 3179, 3157; *Pursley* v. *Ramsey,* 31 *Ga.* 403, 409; *Fleshman* v. *Collier,* 47 *Ga.* 253, 256, 257; *Reliance Fertilizer Co.* v. *Perry,* 23 *Ga. App.* 580, 583 (99 S. E. 44).

4. The evidence for the defendants was such as made a disputed issue upon the question of partnership; and under their plea and proof of payment, whether such disputed partnership was actual or ostensible, the issue was such as should have been submitted to the jury.

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED OCTOBER 7, 1921.

Complaint; from Gwinnett superior court — Judge Cobb. January 12, 1921.

*O. A. Nix, W. L. Nix,* for plaintiffs in error.

*L. B. Norton, I. L. Oakes,* contra.