### BEHLING *v.* THE STATE.

Grimaces or facial expressions of contempt do not constitute " opprobrious words or abusive language, " within the meaning of the Penal Code, § 103, which declares that " such words and language " may or may not, as shall be determined by the jury, amount to a justification of an assault or an assault and battery.

Argued April 23, — Decided May 11, 1900.

Indictment for assault and battery.    Before Judge Candler. DeKalb superior court.    February term, 1900.

*Green & McKinney,* for plaintiff in error.

*W. T. Kimsey, solicitor-general,* by *John L. Travis,* contra.

LEWIS, J.    The accused was tried upon an indictment by the grand jury of DeKalb county, for the offense of assault and battery upon one Lively.    The evidence for the prosecution shows that at the time and place alleged in the indictment the accused, while aboard a street-car, without provocation, made a violent assault upon Lively, who was also a passenger upon the car, striking and wounding him in the face with an umbrella.    No evidence was introduced in behalf of the accused.    He made a statement in which he claimed that the difficulty originated on account of angry feelings entertained against him by Lively, resulting from a suit that accused had brought against Lively to recover an attorney's fee for services.    He stated that, three or four times before this difficulty, Lively had made grimaces and facial expressions of contempt towards him, and that he finally told him if he did not cease he would get into trouble. On the occasion of the difficulty, accused stated, Lively again commenced this conduct by making grimaces, " and then it happened. "    The accused was found guilty, and excepts to the judgment of the court overruling his motion for a new trial.

On the trial of the case the accused offered to prove by the prosecutor, Lively, that he had, several days before this diffi-

culty, been making towards him facial expressions of contempt for the purpose of insulting him; and exception is taken to the ruling of the court in refusing to allow answers to questions seeking such proof. Another ground of the motion for a new trial complains that the court erred in not charging section 103 of the Penal Code, it being contended by counsel for plaintiff in error that the word "language" in that section not only included words, but also making faces, grimaces, and contemptuous gestures in the presence of the accused to hold him up to contempt and ridicule. We do not think the language in the section referred to is susceptible of any such legal construction; nor do we think that this section has any application to the facts in this case. The case of *Bowie* v. *Maddox, 29 Ga.* 285, is cited by counsel for plaintiff in error for the position that gestures, or exclamations, or bearing, which are used as voluntary vehicles of thought, are an "*acted* language," and that therefore, in the light of that decision, the conduct of the prosecutor fell within the definition of the term "language," as used in the statute. By reference to the facts in the case cited, however, it will be seen that it has no application whatever to a criminal cause sought to be defended under that section. There the conduct and demeanor of a party in a civil action was sought to be introduced in his own favor as illustrative of a material fact in the case, which was being insisted upon in the defense of a suit. It appears in that case that a defense set up by one of the defendants was that he was not a member of the partnership sued, and he sought to prove this by testimony that he manifested surprise on being informed he was regarded as being such a member of the firm. The court held that even his words to that effect would have been inadmissible, and that it followed from this that his gestures or exclamations of surprise would necesarily be as inadmissible as plain words expressing the same emotion. We know of no statute or rule of law which would justify an assault and battery on account of mere grimaces or facial expressions, even if the idea of contempt and insult could be inferred from such conduct, and certainly no such defense existed at common law. In fact, it took a special statute to authorize opprobrious words and abusive language used by the assailed to-

ward the assailant to be proved in defense; and mere grimaces or contemptuous facial expressions can not amount to such language or words in their ordinary acceptation and meaning. See, in this connection, *Stevenson v. State*, 90 *Ga.* 456.

It does not appear from the record that the judge excluded from the jury the consideration of such conduct in passing upon the guilt or innocence of the accused; for in his order overruling the motion for a new trial he states: "The evidence in this case showed an unprovoked assault and severe beating at the time, and no provocation which would justify such a beating even by the defendant's statement, his statement being that the prosecutor stared at him and grimaced. Mr. Lively is a very young man and a very small one physically. Mr. Behling is much older and much larger physically." The court further stated that, while the requests as made were not given, the charge to the jury "was in effect, on these various questions, that provocation to justify an assault and battery must be present and must be such as [in] the opinion of the jury would be sufficient." Even if under any circumstances, then, such conduct as herein set up as a defense could in law justify an assault, we would conclude from the record before us that the defendant has had a fair trial, and that there was no error committed which would authorize an interference by this court with the discretion of the trial judge in refusing his motion for a new trial.

*Judgment affirmed. All concurring, except Fish, J., absent.*