J. S. & L. Bowie & Co., plaintiffs in error, vs. Maddox & Goldsmith, defendants in error.

[1.] Gestures or exclamations or bearing, which are used as voluntary vehicles of thought, are an *acted language*, which is no more admissible in evidence in a man's favor, than his spoken words to the same effect would be.

[2.] It is error to charge the jury that circumstances can not outweigh positive testimony.

[3.] Persons who, by their acts, hold themselves out as members of a firm, when they actually are not such members, are liable as such, only to those persons who have acted on the faith of the truth of the appearance.

Complaint, in Chattooga Superior Court. Tried before Judge Crook, March Term, 1859.

J. S. & L. Bowie & Co., of Charleston, South Carolina, brought suit against George B. T. Maddox, Josiah E. Maddox, and Andrew J. Goldsmith, partners in trade under the name and firm of Maddox & Goldsmith, on a promissory note for $735 99, dated 15th October, 1857, and payable six months after date, signed "Maddox & Goldsmith."

George B. T. Maddox pleaded the general issue; and further, that he was not a partner of said firm of Maddox & Goldsmith at the time said note was given, and did not sign the same, nor authorize any one to do so for him.

During the progress of the trial, the defendant, George B. T. Maddox, amongst other things, offered to prove by witness, *Samuel Hawkins*, what his conduct was, and how he looked and demeaned himself, when informed by the witness that it was understood in Charleston that he was one of the firm of Maddox & Goldsmith.

To this testimony plaintiff objected, upon the ground, that the defendant could not thus manufacture evidence for himself. The Court overruled the objection and admitted the testimony, and plaintiff excepted.

After the testimony on both sides was closed, the Court charged the jury, as requested by counsel for defendant, 'that while the acts or declarations of defendant are compe-

tent evidence to show that he was a partner in the firm, yet such circumstances will not, and cannot outweigh positive proof that he was not a partner, unless it appears by the proof that he held himself out to the public as a partner to give the firm credit."

The Court further charged, at the request of counsel for defendant, "that if they believed from the evidence, that Dr. G. B. T. Maddox sold goods in Summerville, Georgia, in the early part of 1857, down to 20th September, 1857, on his own account, without any partner, and in September sold out to Maddox & Goldsmith, who carried on the business until February, 1858, when Harlow bought out one partner, and afterwards the other; then defendant was not a member of the firm on 15th October, 1857, and the jury must find for the defendant, unless he did, or said something, which came to the knowledge of plaintiffs, to induce them to believe that he was a member of the firm at the time the note bears date.

To which charges plaintiff excepted.

The jury found for the plaintiffs as against Josiah E. Maddox and Andrew J. Goldsmith, but for the defendant G. B. T. Maddox.

Whereupon, counsel for plaintiff moved for a new trial, on the ground that the Court erred in the rulings and charges above stated, and excepted to.

The Court overruled the motion for a new trial, and plaintiff's excepted, and assigned as error said refusal.

DABNEY, for plaintiffs in error.

SHROPSHIRE, contra.

By the Court.—STEPHENS J. delivering the opinion.

[1.] We think the Court erred in admitting the testimony that Dr. Maddox manifested surprise on being informed, that in Charleston he was regarded as a member of this

firm.   This was used as evidence that he was *not* a member.   What more verity is there in a gesture or exclamation of surprise, than in plain words expressing the same emotion?   Yet, his words to that effect would be confessedly inadmissible.   To admit either the one or the other, would open a wide door for the introduction of manufactured evidence.   There are a great many cases where the conduct of a person may be introduced as evidence for himself, but it is sufficient to remark that they are not cases, as in this instance, where gestures or exclamations, or even an "eloquent silence," are used as voluntary vehicles of thought. It would be exceedingly difficult to distinguish this from the case of spoken language, it is *acted* language—the one being quite as voluntary as the other.

[2.] We think the Court erred also, in charging the jury that circumstances could not outweigh direct testimony. Direct or positive testimony might come from a very unreliable person, or coming from a source of great respectability might yet break down under the weight of its own absurdity. It is impossible, therefore, to fix any uniform value upon direct or positive testimony as such.   It is equally impossible to fix a uniform value upon circumstantial evidence as such. In many cases the one justly outweighs the other, while in many others the preponderance is precisely reversed.   But strictly speaking, the evidence on both sides of this case was only circumstantial.   The testimony that Dr. Maddox sold out, for instance, is only a circumstance raising an improbability that he was again immediately connected with the firm.   No witness could know that he was *not* a member of the firm, except the members of the firm themselves. All other people are necessarily left only to infer it, if they get to that conclusion at all.

[3.] We think the Court was right in holding, that persons who are mere apparent partners as distinguished from actual partners, are responsible as such, only to those who have acted on the faith that the appearance was according

to the reality.   The whole  foundation of holding such  persons liable, is good  faith.   There can be no breach of faith where no faith has̱ been refused.

Judgment reversed.