LEWIS TUMLIN, plaintiff in error, *vs.* JERRY W. GOLDSMITH, defendant in error.

A suit was instituted on a note signed "Meador & Tumlin," and the copartnership was denied by Tumlin, under oath. On the trial the plaintiff offered to prove "that printed hand-bills, signed "Meador & Tumlin," advertising for hands to work in the stone-quarrying business, were distributed at various points and stuck up at various places at Stone Mountain, and that one of them was stuck upon the door of the house where Tumlin boarded," which evidence was ruled out by the Court. There being a verdict in favor of Tumlin, a new trial was granted by the Court below, which was excepted to: *Held,* that a

copartnership cannot be proved by general reputation, but the fact that printed hand-bills, with the firm name signed thereto, stuck up at various places in the town where the defendant was residing at the time, one of which was stuck upon the door of the house where he boarded, was *competent* evidence to be submitted to the jury for their consideration upon the trial of the issue between the parties, and as this evidence was rejected by the Court the judgment of the Court below granting a new trial in the case should be affirmed on that ground alone.

Partnership.    Evidence.    Before Judge POPE.    DeKalb Superior Court.    March Term, 1869.

Goldsmith, as trustee of Mrs. Henry, sued Tumlin and John T. Meador, as partners, upon a promissory note for $1,950 00, dated 1st March, 1867, due the 26th of June, 1867, and signed "Meador & Tumlin." Tumlin pleaded the general issue, that he did not sign or make said note, nor authorize any one to do so for him, that no such copartnership as "Meador & Tumlin" ever existed, nor was he ever a member of any such firm, and that if such a firm had existed, it was dissolved before said note was made.

Plaintiff's attorneys read in evidence the note, after examining Meador, to show that there was such a firm as "Meador & Tumlin" in the business of quarrying stone at Stone Mountain, Georgia, prior to the date of said note. While Meador was being examined, plaintiff's counsel offered to prove by him that printed hand-bills, signed "Meador & Tumlin," advertising for hands to work in said stone-quarrying business, were distributed at various points, at the suggestion of Tumlin, and stuck up at various places at Stone Mountain, and he offered to testify that one of them was stuck upon the door of the house where Tumlin boarded; and while Goldsmith was being examined, they proposed to show by him that some hay and a box of mule shoes came to Stone Mountain, consigned to "Meador & Tumlin," when Tumlin lived near the depot. The Court ruled out this offered evidence, because it was not shown that Tumlin knew that the hand-bills were so put up, or that said goods were so directed, or that he acquiesced in the same. The witnesses were allowed

to testify that such hand-bills were printed and circulated at Tumlin's request.

Plaintiff's counsel proposed to prove by various witnesses that it was generally understood at Stone Mountain, and the common talk there, that Tumlin was the partner of Meador in said stone business, and that the firm name was "Meador & Tumlin," but the Court would not allow it.

The substance of Meador's testimony was that, in 1866, he was quarrying stone, being one of the joint owners of Stone Mountain; that Tumlin bought an interest in the property, and had control of the share of another owner; that Meador controlled the share of another owner, and they jointly paid the remaining owner for his part; that the business, by him, was carried on in the name of the "Granite Works;" that he and Tumlin formed a partnership in the same business, and for some time carried on the business under that name, but afterwards, at Tumlin's request, the name was changed to "Meador & Tumlin;" that said note was given for money borrowed and used for Meador & Tumlin, and that though the owners sold out the property before said note was made, "Meador & Tumlin's" business was continued for some months after the date of the note, in finishing up their work, etc.; that a job for Bell for near $5,000 00, and another for the Masonic Hall Company for near $3,000 00, were finished after the date of the note. His testimony was supported by other witnesses and facts.

On the other hand, Tumlin swore that there never was such a firm; that he never authorized his name to be used, never authorized the hand-bills to be printed, nor the goods to be marked as aforesaid, and did not know that such firm name was being used, etc. He admitted that he had attended a sale of Bell's property, and bid $20,000 00 for it, to protect the lien of a *fi. fa.* in favor of "Meador & Tumlin," sued out against Bell, and he supported his side by other witnesses and facts. There was evidence as to whether there was a dissolution before the date of said note.

The jury found for plaintiff against Meador only. Goldsmith moved for a new trial upon the grounds that the Court

Tumlin *vs.* Goldsmith.

erred in ruling out said offered evidence, and because the verdict was against the evidence, etc.

The Court granted a new trial upon the last ground, overruling the others. This is assigned as error.

HILL & CANDLER, for plaintiff in error, said "reputation" was inadmissible in this case: Irwin's Code, secs. 3717, 3718, 3719; 20th Wend., 81; 22d Wend., 264; 16 Maine R., 192; 3 Hill N. Y. R., 333; 17th Vermont R., 448; 11th Conn. R., 92; 13th N. Hamp. R., 99; 7th Missouri R., 560; 2 Ala. R., 499; 5 Blackf. R., 248; 3 Scammon, 137; 16th Pick., 412; 17th Pick, 361; 1 Cr. C. C. R., 408. As to setting aside the verdict for the reason given by the Judge; 7th Ga. R., 269; 11th, 203; 13th, 320; 370; 14th, 41, 27, 286, 310; 17th, 418; 19th, 537; 20th, 263; 30th, 212; 31st, 365; 36th, 418; 37th, 607, and other authorities on points not passed upon here.

MILLEDGE & CLARK, A. W. HAMMOND & SON, for defendant, replied, "reputation" was admitted in such cases in 11th Wend., 98; 20th John., 178; 14th John., 215; 1 Caines' R., 184; 4 Cowen R., 283; 20 E. C. L. R., 378; 8th Ga. R., 286; 38th, 391; and contended that though "reputation" was not admissible, evidence of signs, cards, etc., were admissible: Collier on Part., sec. 97; Moody & R., 9; 20 E. C. L. R., 378; 8 Watts & S., 257; 1 Robinson, 267; 38th Ga. R., 391, etc., and replied to the other points argued.

WARNER, J.

The error assigned to the judgment of the Court below in this case, is the granting of the new trial. It is well settled that a copartnership cannot be proved by reputation alone. The evidence offered by the plaintiff that printed hand-bills, with the firm name of "Meador & Tumlin" signed thereto, were stuck up at various places in the town where Tumlin lived at the time, and that one was stuck upon the door of the house where he boarded, was *competent* evidence to have

been submitted to the jury on the trial of the issue between the parties. The sticking up of the printed hand-bills, with the firm name signed thereto, where the defendant might reasonably be expected to have seen them, was a *fact* which should have been submitted to the jury for their consideration, and as this evidence was rejected by the Court, we affirm the judgment of the Court below, granting the new trial on that ground alone.

Let the judgment of the Court below be affirmed.