## CARLTON *v.* GRISSOM & COMPANY.

1. Where an action is instituted against two persons upon a joint liability, the declaration to some extent indicating that such liability was that of a partnership, it is competent thereafter to amend the declaration by more distinctly alleging that the liability sued upon was incurred by the defendants as partners in the prosecution of a partnership business.
2. Though one may not actually be the partner of another person, he may, nevertheless, become liable as such a partner if he represent to persons dealing with himself and such other person that they are partners, and upon the faith of such representation a credit is extended to the supposed partnership of which he represents himself to be a member.
3. The charge of the court on the law of partnership announced correct principles of law and was appropriately adjusted to the evidence; and it appearing that the evidence offered in support of the allegations contained in the declaration, as amended, was sufficient to support the verdict, this court will not overrule the discretion of the trial judge in refusing to grant a new trial.
January 20, 1896.

Complaint on account. Before Judge Westmoreland. City court of Atlanta. July term, 1895.

The petition of Grissom & Co. represented that John M. Storey and J. M. B. Carlton were indebted to plaintiff $133.34, besides interest, "as will appear by an itemized account hereto annexed." This account was dated March 31, 1891, and was for eggs, fowls, etc., charged at va-

rious dates from March 18 to March 24, 1891, and the account was made out against "J. M. Storey and J. M. B. Carlton, Atlanta, Ga." The declaration further alleged that before credit was extended to said Storey by petitioners, they wrote said Carlton as to his membership in said firm, and upon the faith of a letter received from him the credit for the merchandise was extended; said letter to petitioners being as follows: "Office of J. M. B. Carlton, dealer in fruits, vegetables and country produce, 13 South Broad Street, Atlanta, Ga., 2-14-91. Mr. J. J. Grissom: Dear Sir,—Yours of the 12th just received. There is no change in the finances of the firm. It is stronger to-day than it was. I nor my son has not taken anything out of the firm, and will not even take a living out. I will keep my office in the store and look after things as I always have done. J. M. Storey has always attended to the business, and everything will move on as usual. Yours, J. M. B. Carlton." Petitioners represent that they sold the goods upon the faith and strength of Carlton's name and by reason of said letter. They pray judgment against both defendants, and especially against Carlton by reason of said letter, as credit was extended thereon. By amendment it was alleged, that J. M. Storey and J. M. B. Carlton as partners are indebted to plaintiffs $133.34, besides interest, as will appear by the bill of particulars attached to the original declaration.

Carlton pleaded not indebted. Further, he is not and never was a member of the firm of Carlton & Storey; he never contracted with nor purchased from plaintiff the goods sued for or any part thereof, and never became indebted to plaintiff individually or as a partner of Storey, and is in no way liable to plaintiff. There was a verdict for plaintiffs. Carlton's motion for a new trial was overruled, and he excepted. One ground of the motion was, that the court erred in overruling defendant's motion to strike the amendment to the declaration, because the original suit was brought against defendant Carlton, not as a partner of

Storey or a member of a firm doing business under the firm name and style of J. M. Storey, but upon a letter purporting to be a letter of credit; and the amendment introduced a new cause of action against Carlton and made him defend-ant as a partner instead of as an individual.

The motion further alleged, that the court erred in charg-ing the jury in the language of the code, §§1887, 1888, 1889, 1890, movant insisting that there was no evidence to warrant such instructions. Also, that the verdict was con-trary to law and evidence, and that the court erred in over-ruling a motion for nonsuit; the plaintiffs, as movant con-tends, having offered no evidence to sustain their claim against Carlton as a partner or member of a firm doing business under the name of J. M. Storey, except the inter-rogatories of Grissom and the letter in evidence. The grounds of the motion for nonsuit were, that plaintiff's own testimony showed the following: They sold the goods in question to Storey. They extended credit to him upon the faith of a letter written by Carlton to plaintiffs on Feb. 14, 1891, which was in reply to a letter written by plaintiffs to Carlton on the 12th of Feb., 1891, after plaintiffs had received notice that Storey had bought out the interest of the Carltons; Grissom having testified that he wrote to Carlton, that he had heard that Carlton and his son had sold out to Storey, and to let him (Grissom) know all about it, and to state Storey's financial ability to pay for produce, for Grissom's firm would not ship to Storey without some indemnity from Carlton or his son. The reply of Carlton to this letter, dated Feb. 14, 1891, does not show that he was a partner or a member of a firm doing business under the firm name and style of J. M. Storey, but if the letter was anything at all, it was simply a letter of credit. Gris-som saw Carlton in Atlanta several times on the 3d or 4th of March, 1891, and Carlton said he had an interest in the business and would be there all the time; therefore Grissom told him that plaintiffs would not ship to Storey unless he

would agree to see that their bills were promptly paid. Carlton said that he would agree to do this, and wanted plaintiffs to continue to buy for them and ship to them, for they were in good shape to handle the produce of plaintiffs' section; so they shipped to Storey for about one week, and as their bills were not paid they quit shipping, and learned or heard that Storey had sold out to Carlton. Defendant contends that this testimony did not show what interest, if any, Carlton had in the business; and that the goods were shipped by the plaintiffs, not to Carlton but to Storey, and that Storey was the debtor and not Carlton, either individually or as the member of any firm.

*Simmons & Corrigan*, for plaintiff in error.
*Walter R. Brown*, contra.

ATKINSON, Justice.

The official report states the facts.

1. The original declaration alleged a joint liability against the defendants, and it is not altogether certain that even as it stood, without amendment, it was not sufficient to charge the defendant Carlton as a partner with Storey. However that may be, it was sufficient to authorize an amendment alleging the joint liability to be that of partners; and the motion to strike the amendment as introducing new parties and a new and distinct cause of action, was properly overruled.

2. An actual contract by which a partnership is formed is not always essential to support the liability of one person as a partner with another. As to third persons, he may assume such a liability by inducing them to extend a credit upon the faith of representations made by him, either express or implied, to the effect that he was a partner and as such liable.

3. The evidence is clear and satisfactory as to the existence of the partnership in so far as that relation was necessary to sustain a liability to the person who brought

this action. It fully justified the instructions given to the jury as to the circumstances under which one not actually a partner was nevertheless liable to third persons as such. These instructions as given were properly submitted to the jury, and the trial judge did not err in overruling the motion for a new trial.          *Judgment affirmed.*