## STEWART & SON *v.* BROWN & COMPANY.

</div>

1. A writing signed by two persons and containing an admission that they are members of a partnership therein mentioned, while relevant to contradict the truth of a plea of "no partnership," subsequently filed by them in resistance to an action brought against a partnership of that name of which they are alleged to be members, does not, as to one who had no knowledge of such writing and who consequently did not act upon the faith of its contents, estop the persons who signed it from asserting that in point of fact they were never members of any such partnership.
2. The court committed no error in admitting evidence or in charging the jury, and the evidence warranted the verdict.

<div align="center">

Argued January 18, — Decided March 1, 1898.

</div>

Complaint on account. Before Judge Gamble. Washington superior court. March term, 1897.

*James K. Hines* and *B. T. Rawlings*, for plaintiffs.
*Evans & Evans* and *T. W. Hardwick*, for defendants.

LUMPKIN, P. J. The issue upon which this case turned in the court below was whether or not two of the defendants, Brown and Franklin, both of whom had been personally served, were individually liable, as members of a partnership doing business under the name of "Brown & Co.," for the payment of an account due by that firm to Stewart & Son. The plaintiffs, in connection with other evidence bearing upon this issue, introduced a writing, signed Brown and Franklin, reciting that they and one R. A. Doran had "associated together, using the name and style of Brown & Co., for the purpose of buying and selling cotton," and were "to become individually and collec-

tively liable to Messrs. Strauss & Co., Savannah, Ga., for any and all moneys that [might] be furnished to said Brown & Co. by said Strauss & Co." This writing had been sent to the latter firm, and formed the basis of business dealings between it and Brown & Co., during the cotton season of 1893–4. It does not appear, however, that the plaintiffs had any knowl-edge concerning the contents of this paper, or ever in extend-ing credit relied on the representations made therein. On the contrary, one of the members of the firm of Stewart & Son tes-tified on the trial: "I never saw or heard of the Strauss & Co. contract until all our transactions with Brown & Co. were over. I did not extend credit on the faith of this contract, because I did not know of it until all the transactions were over."

The defendants offered evidence in support of their conten-tion that, as matter of fact, they had never been members of the firm of Brown & Co., and had signed the writing in ques-tion simply for the purpose of meeting a demand made upon them by Strauss & Co., as a condition precedent to extending credit to Brown & Co., to the effect that they should become personally answerable for all funds advanced to that firm with which to buy cotton. In other words, the defendants' expla-nation of this writing was that it was intended simply to evi-dence a special contract made by them with Strauss & Co., whereby they were, in a single instance only, to become indi-vidually liable for the debts of Brown & Co., in which firm they had an incidental interest merely by reason of the fact that they were stockholders of a corporation styled the Brown & Franklin Company, which had formed a partnership with R. A. Doran and adopted the firm name of Brown & Co.

Over the objection of the plaintiffs, the court allowed the defendants to introduce in evidence an assignment made by this corporation for the benefit of its creditors, reciting an in-debtedness by it "on account of Jas. T. Stewart & Son," and to follow up this proof by the introduction of a mortgage exe-cuted by this corporation in favor of the plaintiffs, given to secure the payment of the identical account against Brown & Co., now sued on. In this connection, one of the defend-ants testified that this mortgage was sent to the plaintiffs, who

retained it, and who subsequently asked "for a payment [thereof] from the corporation or its assignee." In reply to the evidence last above referred to, the plaintiffs' attorney testified that no demand for the payment of this mortgage had ever been made, and that his clients had declined to accept the mortgage " as payment of the debt of Brown & Co."

In submitting to the jury the controlling issue of fact thus presented, the trial judge charged as follows: "If R. A. Doran, C. E. Brown and H. M. Franklin entered into an agreement by which they became bound as partners, under the name of Brown & Co., for any debts which they might contract with Strauss & Co., and for no other purpose, and this agreement was unknown to plaintiffs, who did not contract with Brown & Co. upon the faith of the fact that Doran, Brown and Franklin were members of that firm, then the defendants would not be liable to plaintiffs as partners. On the contrary, I charge you, if said parties did in fact form a partnership under the name and style of Brown & Co., for the purpose of selling and buying cotton, they would be liable to said plaintiffs, whether the partnership was unknown or known to plaintiffs."

The jury returned a verdict in favor of the defendants Brown and Franklin, and the plaintiffs assign error upon the overruling of their motion for a new trial.

1. It is unquestionably true that where one represents himself to be a member of a partnership, and credit is extended upon the faith of his statement, he will be estopped from thereafter asserting, as against the person to whom he made such statement, that as matter of fact he was not a member of the firm to which he thus procured credit to be extended, and that accordingly he is not individually liable for its debts. But as to one other than the person to whom such a representation is made, and who has no knowledge thereof and therefore does not act thereon to his prejudice, the rule above stated can not properly be said to apply, and the liability of the person making such representation to answer for other debts contracted by the partnership must necessarily depend upon whether or not he was in fact a member thereof. Applying the principle of

law just announced to the facts of the present case, it follows that while the written contract made by the defendants with Strauss & Co. was relevant and pertinent evidence in behalf of the plaintiffs, partaking of the nature of an admission on the part of Brown and Franklin that they were members of the firm of Brown & Co., yet the defendants were not thereby precluded from setting up and proving that, in point of fact, this writing did not speak the truth, and that they had never entered into any such partnership.

2. To this end, we think it was competent for them to introduce in evidence the assignment for the benefit of creditors, made by the Brown & Franklin Company, and the mortgage executed in pursuance thereof and delivered to and retained by Stewart & Son. A member of that firm had testified that he had extended credit to Brown & Co. upon the faith of a representation made to him by Doran to the effect that he, Brown and Franklin had formed a partnership and were conducting their business under the name of Brown & Co. The defense was that this representation, if made at all, was false and unauthorized; that no such partnership having been entered into, Doran's statements could not affect the rights of Brown and Franklin in the premises; and the real members of the firm of Brown & Co. being Doran and the Brown & Franklin Company, they alone were liable to the plaintiffs. This being the issue, the assignment and mortgage executed by the Brown & Franklin Company had some bearing on the case, as tending to show, (1) a recognition on the part of that corporation of its liability to the plaintiffs for debts incurred by Brown & Co., and (2), taken in connection with testimony that the plaintiffs had accepted this mortgage, a recognition on their part that this corporation, instead of Brown and Franklin, had formed a partnership with Doran, and was responsible for the debt it had contracted with the plaintiffs. In other words, it was competent for the defendants to show the apparent inconsistency on the part of the plaintiffs in claiming on the trial that they understood Brown and Franklin to be their debtors, whereas they had previously, by accepting a mortgage covering their account executed in their favor by the Brown & Franklin Company,

recognized that corporation to·be answerable to them for a debt incurred by Brown & Co. upon the theory of its membership in that partnership.    Certainly, the evidence in question called for some explanation by the plaintiffs; and though persuasive rather than substantive proof as to the matter in controversy, we are of the opinion that this evidence was properly admitted, in order that the jury might weigh it in connection with other facts brought to light, and attach thereto such importance as they might deem proper.

Aside from the admission contained in the writing signed by the defendants, Stewart & Son introduced no evidence of an affirmative character going to show that the firm of Brown & Co. was composed of Doran, Brown and Franklin, rather than of Doran and the Brown & Franklin Company, a corporation. Indeed, the plaintiffs' right to recover under the evidence submitted in their behalf depended solely upon the importance which the jury might attach to this paper.    This being so, we are not prepared to say that the first sentence of the above-quoted charge, and to which exception is taken, was not adapted to the case as made out by the evidence, or incorrectly stated the law by which the jury should be governed in reaching their conclusion upon this branch of the controversy.

A verdict was returned which was adverse to the plaintiffs upon the controlling issue of fact involved, and as to which the evidence was conflicting.    While the finding of the jury might have been more in accord with our own views of the evidence had a verdict been returned in favor of the plaintiffs, there was sufficient evidence to warrant a finding against them, so far as Brown and Franklin were concerned.

*Judgment affirmed.    All the Justices concurring.*