### 720. MIMS *v.* BROOK & COMPANY.

1. Where the plaintiff seeks to hold a defendant liable as a partner, on a contract made in the name of a partnership, on the theory that, even if such defendant were not in fact a member of the firm, his conduct has estopped him from denying such relation, it is not necessary that the facts by which the plaintiff intends to show the estoppel should be set forth in the petition; a direct allegation that the defendant is a member of the partnership is sufficient.

2. Before one not in fact a partner will be estopped from denying his connection with the firm, it must appear not only that he, by admissions, conduct, or otherwise, held himself out as partner, but also that the opposite party was misled by the putative status and acted thereon.

3. In a case where the admissions of a defendant who has filed a plea of no partnership are offered in evidence against him, it is error for the court to refuse a timely written request to charge the jury that admissions should be scanned with care.

4. Where, as against a defendant filing a plea of no partnership, the fact of the partnership is otherwise prima facie established, bill-heads of the firm, used in the business and containing his name as a partner, are admissible in evidence against him; especially is this true where the proof makes it probable that he knew his name was being so used.

5. Upon the question of the character of notice necessary to be given upon the dissolution of a partnership, in order to relieve the retiring partner,

and of the burden of proof in such cases, the decision in the case of *Bush* v. *McCarty Co.,* 127 *Ga.* 308 (56 S. E. 430), is explicit and controlling.

6. Evidence tending to establish knowledge, on the part of the plaintiff's bookkeeper, of the dissolution of a partnership with whom the plaintiff has been doing business is, in the absence of any proof that the bookkeeper's authority to receive notice is greater than that usually possessed by those in that employment, inadmissible to show notice to the plaintiff.

7. If a creditor of a partnership, after a dissolution thereof with notice of such dissolution, takes from one partner, without the direction or consent of the other, a promissory note in renewal and extension of a pre-existing debt of the partnership, the partner not so consenting is discharged from liability on the debt.

Complaint, from city court of Atlanta—Judge Calhoun. July 6, 1907.

Argued November 26,—Decided December 9, 1907.

*J. F. Golightly, T. O. Hathcock,* for plaintiff in error.

*Payne, Jones & Jones,* contra.

POWELL, J. Suit was brought by Brook & Company against the College Park Milling Company, on a note signed in the firm name, and it is alleged that the milling company is a partnership composed of Mims and Hathcock. Mims filed a plea alleging that he was not a partner. It appears that in 1903 Mims and Hathcock did business as partners, under the name College Park Milling Company. In 1904 Mims sold out his interest in the mill to Hathcock and the partnership was dissolved, Hathcock continuing the business under the name of College Park Milling Company. No publication of the dissolution was made. The evidence was doubtful as to whether the plaintiffs were creditors of the partnership, within the purview of the rule requiring actual notice, and was in sharp conflict as to whether they had actual notice of the dissolution. In 1904 and 1905 they sold corn to the milling company and took a note executed by Hathcock in the name of the milling company in settlement of the account, and this note was from time to time in like manner renewed. It was the contention of the plaintiffs that Mims, after the dissolution and at the time they were making the sales, told them that he was a partner, and afterwards expressly directed them to take the renewal notes as they did; and this he as emphatically denied. Effort was made by the defendant to show that while publication of the dissolution

was not made, it was a matter of common notoriety among the business men of both College Park and Atlanta. The plaintiffs introduced in evidence a number of bill-heads of the College Park Milling Company, dated in 1904 and 1905, containing the name of Mims as a partner. Mims denied knowledge of their existence, and objected to their introduction in evidence. The jury found against Mims's plea of no partnership, and to the overruling of his motion for a new trial he brings error. Upon an examination of the record, we find that a new trial must be granted upon some of the grounds; but instead of taking up the assignments of error seriatim we shall lay down a few rules of law which we think will cover the case. As tested by what we are about to say, some of the exceptions are meritorious; others not.

1. Where the plaintiff sues a number of defendants as partners, he may recover by showing either an actual partnership undissolved, or, as against one filing a plea of no partnership, an estoppel on his part to deny liability as a partner, either by reason of admissions acted on, by the prior existence of a partnership of the dissolution of which proper notice was not given, or by any other sufficient state of facts to create such an estoppel. Proof of a state of facts which will estop the defendant from denying that he was a partner is as effective, in support of a petition alleging a partnership, as proof that the partnership did actually exist. It is not required that the plaintiff should show, by the allegations of his petition, that he expects to hold the defendant as a partner by reason of an estoppel. Actually the ostensible or putative partner may not be a member of the partnership, but when he places himself in such a position that the law estops him from denying his connection with the firm, he is, in juridical contemplation, just as irrefragibly a partner as if he were actually so. *Carmichael* v. *Greer,* 55 *Ga.* 116; *Sankey* v. *Columbus Iron Works,* 44 *Ga.* 228; *Slade* v. *Paschal,* 67 *Ga.* 541; *Carlton* v. *Grissom,* 98 *Ga.* 118 (26 S. E. 77). The cases of *Smith* v. *Ferrario,* 113 *Ga.* 872 (39 S. E. 428), and *Tuells* v. *Torras,* 113 *Ga.* 691 (39 S. E. 455), cited by counsel as being to the contrary, are in fact not so.

2. An estoppel to deny partnership does not necessarily arise, however, from the fact that one has held himself out as a partner by admissions or otherwise. It must appear that the opposite

party acted upon the putative status and was misled thereby. *Thornton* v. *McDonald,* 108 *Ga.* 4 (33 S. E. 680), *Stewart* v. *Brown,* 102 *Ga.* 836 (30 S. E. 264).

3. The court should have charged the jury, upon the defendant's timely written request therefor, that "admissions should be scanned with care." This principle was applicable to the case. Civil Code, §5479; *Ocean Steamship Co.* v. *McAlpin,* 69 *Ga.* 438 (4).

4. There was no error in admitting the bill-heads showing the name of Mims as a partner. *Tumlin* v. *Goldsmith,* 40 *Ga.* 221.

5. "The dissolution of a partnership by the retiring of an ostensible partner must be made known to creditors and to the world. The word 'creditors' as thus employed in the statute (Civil Code, §2634), is not limited to persons who were creditors at the time of the dissolution. A person who had previously sold goods and given credit to the firm during its continuance was within its meaning. Actual notice must be given to creditors. As to the notice which must be given to the world, no inflexible rule can be laid down. Fair and reasonable publication in a public gazette, circulated in the locality in which the business of the partnership has been conducted, is generally sufficient; and any means of fairly publishing the fact of such dissolution as widely as possible, in order to put the public on its guard, are proper to be considered on the question of such notice. General reputation of the dissolution, in a community where a person sought to be charged with notice resides, or in the business community to which the parties belong, is admissible as tending to show notice. Such general reputation or notoriety is not itself notice, but is admissible for the consideration of the jury in determining whether there was notice. A witness can not state his mere conclusion that others than himself knew a fact." *Bush* v. *McCarty Co.,* 127 *Ga.* 308 (56 S. E. 430). As stated in the opinion in the case just cited, the burden of showing that the notice was received by the plaintiff is upon the defendant. See also *Askew* v. *Silman,* 95 *Ga.* 678 (22 S. E. 573).

6. The fact that the plaintiff's bookkeeper knew that the partnership had been dissolved is prima facie inadmissible for the purpose of charging the plaintiff with such knowledge.

7. If the plaintiffs, with notice of a dissolution of the partner-

ship, took the note sued on from Hathcock, although it was merely a renewal of a previous note on which Mims was bound, Mims would be discharged from liability unless he directed the plaintiffs to take the renewal note or otherwise affirmatively consented thereto; in which latter event he would be bound. Civil Code, §2659. *First National Bank* v. *Cody*, 93 *Ga.* 128 (6), (19 S. E.. 831); *First National Bank* v. *Ells*, 68 *Ga.* 192.

　　　　　　　　　　　Judgment reversed.