# AMERICAN COTTON COLLEGE *v.* ATLANTA NEWSPAPER UNION.

1. Where suit was brought against a firm and against two persons alleged to be members thereof, one of whom pleaded no partnership, there was no error in refusing to admit in evidence on his behalf a letter to him from the other alleged partner, dated eleven months after the date of the contract on which the suit was based, and several months after the cause of action accrued, in which the writer stated that he had that day discontinued "the American Cotton College" (the name of the alleged firm), that the addressee was at liberty to operate it for his own use and benefit, and that, in so doing, it was expressly agreed and understood that the writer would in no way hold the addressee for any of the outstanding liabilities.

2. Where to a suit against an alleged partnership one of the defendants filed a plea of no partnership, it was competent for the plaintiff to introduce in evidence printed letter-heads containing the alleged partnership name, "The American Cotton College," and the names of the alleged partners as "associate presidents," together with evidence that such letter-heads, and others of the same character, were used by the defendant.

(*a*) The plaintiff was not obliged to rest on the introduction of a single specimen of the letter-heads and upon the statement of the defendant pleading no partnership that stationery of this character was used. He could introduce several letter-heads of like character, which had been used in correspondence. Nor was the court compelled, on suggestion of counsel for the defendant who denied being a partner that he would consent to select one of the letter-heads to go to the jury, with the

statement that the remainder were identical in form with it, and that stationery of that character was used, to accede to such proposition and direct that such course be taken.

(*b*) The admission in evidence of such letter-heads was not erroneous, although upon the paper on which they were printed were written certain letters which were not offered or introduced in evidence.

(*c*) While, if the letters which thus went into the physical custody of the jury were of a character calculated to affect injuriously the defendant who pleaded no partnership, it would have been better practice to guard against any such possible injurious consequences by requiring the letters to be severed from the letter-heads, or by having the writing covered so as not to be read by the jury; and while, after the jury had seen them, it would have been well to give an instruction that the letters were not in evidence and should not be considered in arriving at a verdict, it not appearing that any such point was raised by a request to have the letters covered from sight, or to give instructions to the jury, or otherwise, under the facts of the case the omission of the court to charge on the subject was not error requiring a new trial.

3. Where suit was brought on an open account for advertising done under a contract made by an alleged partnership, and one of the members answered that he could not admit or deny the allegations of the petition for want of sufficient information, and the other denied the allegations of indebtedness and pleaded no partnership, this placed on the plaintiff the burden of proving both the debt and the partnership in order to bind the latter defendant, and it was incorrect to charge that the only issue was one of partnership.

(*a*) If this were the only error, whether, under the evidence, it would require a new trial, query.

4. If a person holds himself out, or permits himself to be held out, to the world as a partner in a business, he will be bound to one who contracts with the purported partnership, on the faith of such representations, whether in fact he has any interest therein or not.

(*a*) While the principle just stated is correct as an abstract proposition of law, there was no evidence that the plaintiff knew of any such representations of the existence of a partnership until after the contract was made with it, or that it acted on the faith thereof. And a charge submitting that question to the jury was error.

(*b*) Letter-heads, used with the knowledge of one sought to be held bound as a partner, may have a value as evidence tending to prove the existence of a partnership; but unless they held out such person as a partner and the plaintiff acted on the faith of them, they would not create an estoppel.

(*c*) The charges of the court on the subject were incorrect.

MAY 15, 1912.

Complaint. Before Judge J. B. Park. Baldwin superior court. May 1, 1911.

*Hines & Vinson,* for plaintiff in error.

*Allen & Pottle,* contra.

LUMPKIN, J. The Atlanta Newspaper Union brought suit against the American Cotton College, alleged to be a firm composed of J. H. Dickinson and R. L. Wall, on an open account for advertising during the months of July, August, September, and October, 1908. Dickinson answered that he could not admit or deny the allegations of the petition, for want of sufficient information. Wall denied the indebtedness, and pleaded that he was not a partner in the alleged firm. The jury found for the plaintiff the amount of the account. A motion was made for a new trial, which was overruled, and exception was taken.

The headnotes require no elaboration except in one particular. In the ninth and tenth grounds of the motion for a new trial complaint is made of charges on the subject of the liability of an ·ostensible partner, or one who holds himself out to the world as a partner, or permits himself to be so held out. Section 3157 of the Civil Code of 1910 declares that "An ostensible partner is one whose name appears to the world as such, and he is bound, though he have no interest in the firm." This section was not a new rule, but was a codification of the pre-existing law. It recognizes the fact, that, while a joint interest in partnership property or in the profits and losses of the business constitutes a partnership as to third persons (§ 3158), one may be bound as a partner, though he has no interest. As to liability as a partner by one who holds himself out as a member of a firm, though he is actually not such, it has been declared that he is liable as a partner only to those persons who have acted on the faith of the truth of the appearance. *Bowie* v. *Maddox & Goldsmith*, 29 *Ga.* 285 (74 Am. D. 61); *Carlton* v. *Grissom & Co.*, 98 *Ga.* 118 (26 S. E. 77); *Stewart & Son* v. *Brown & Co.*, 102 *Ga.* 836 (30 S. E. 264).

In the case now under consideration the evidence was conflicting as to the existence of the partnership. The plaintiff introduced evidence tending to show that Dickinson and Wall were partners. Wall denied this, and claimed that he was a mere employee of Dickinson. Certain letter-heads were introduced in evidence, and were shown to have been used with the knowledge and consent of Wall. They contained the names of Dickinson and Wall, with the words "associate presidents" between them, and were followed by the words "American Cotton College," and certain statements descriptive of its character. These were admissible as evidence tend-

ing to prove the existence of a partnership. It was further contended, that, if through them Wall held himself out to the world as a partner of Dickinson, or permitted it to be done, and the plaintiff acted on the faith thereof, Wall was bound as a partner, whether in fact he had any interest in the firm or not. The judge gave certain instructions on the subject. While the principle of law involved is sound as an abstract statement, the evidence did not authorize it as applicable to the case. The plaintiff introduced in evidence three letter-heads of the character indicated, attached to letters written to it, but none of them appear to have been received by it prior to the making of the contract for the advertising; nor did it appear that the plaintiff acted in reliance on any statement appearing in such letter-heads. It was accordingly erroneous to charge as to liability which might arise from facts as to which there was no sufficient evidence.

*Judgment reversed. All the Justices concur.*