20111. DAVIS-WASHINGTON COMPANY *v.* VICKERS *et al.*

STEPHENS, J. 1. Whether or not a person 'who holds himself out to the world as an ostensible partner in a partnership of which he is not a member is bound to another person by virtue of this ostensible relation, he can not, by virtue of this relation, become bound for a partnership debt which he himself did not contract for, unless the creditor, when extending the credit, had notice of this ostensible relation, and believed that the person holding himself out as a partner was in fact a member of the partnership. Civil Code (1910), § 3157; *American Cotton College* v. *Atlanta Newspaper Union,* 138 *Ga.* 147 (4) (74 S. E. 1084); *Stewart* v. *Brown,* 102 *Ga.* 836, (30 S. E. 264); *Bowie* v. *Maddox,* 29 *Ga.* 285 (3) (74 Am. D. 61).

2. The declaration of a person when contracting with another, that the declarant and a third person constitute a partnership, is incompetent as evidence to establish as against the latter person either the existence of the partnership or the latter person's status as an ostensible partner. *Flournoy* v. *Williams,* 68 *Ga.* 707. If this declaration, when made to the opposite party to the contract, could establish notice to him of the existence of the other person's ostensible relationship as a partner, it could only do so where this ostensible relationship in fact existed.

3 Where credit was extended to a purported partnership upon the faith of another's being a member of the partnership, but where he was neither a partner nor an ostensible partner and was ignorant of the fact that credit had been extended upon the faith of his being a member of the partnership, his becoming financially interested afterwards in the business of the person who had negotiated for the credit, and securing to himself the benefits which had already accrued to the other person under the credit extension, and statements afterwards made by him to other persons, consisting of declarations that he at the time is in partnership with the person who negotiated for the credit referred to, and of promises to other creditors of the latter person to pay this person's debts to these creditors, are insufficient to establish as a fact that the person doing these things was, at the time when the credit was extended, a member of a partnership or that he held himself out to the world as such, or to establish a ratification by him of the contract by which credit was extended to the other person.

4. Declarations made by a person, after an extension of credit to another, to the effect that the person making the declarations is either a partner

or an ostensible partner with the other person, are incompetent to charge the declarant, as an ostensible partner, with liability for the debt, where the declarations are never communicated to or known by the person who extended the credit.

5. Where the person who had extended the credit to the alleged partnership instituted suit against the person with whom he had dealt in the transaction extending the credit, and against others with whom he had not dealt directly in the transaction, but who it was alleged were liable upon the contract extending the credit, as ostensible members of the partnership, and where the evidence adduced in behalf of the plaintiff was as above indicated, the evidence was insufficient to establish any liability against the defendants with whom the plaintiff had not dealt in negotiating the contract, either as members of the alleged partnership, or as persons who had at the time held themselves out as members of the partnership, or who had ratified the contract.

6. Where a materialman furnished building materials to another to be used by the latter in the improvement of land which the latter did not own, but had only an option to buy from the owner, and where the purchaser at the time was not the agent for the owner of the land in making the purchase of the material or to make improvements on the land, and was not otherwise under contract with the owner with reference to making the improvements, and where the purchaser of the material, after buying it, transferred his option to purchase the land to other persons who were not contractually liable, either through the purchaser of the material as their agent or copartner or otherwise, for the purchase-price of the material, but who bought the land from the owner after the expiration of the option, no lien whatsoever in behalf of the materialman for the furnishing of the material which went to the improvement of the land could attach to the land. Civil Code (1910), § 3352. This is true notwithstanding the persons who had bought the land from the former owner may have had notice at the time that the material which had been used in the improvement of the land had not been paid for. *Pickleseimer* v. *Smith*, 164 *Ga.* 600, is distinguishable.

7. Where the contract sued on was one by which the plaintiff had furnished to one of the defendants material which was used by him in the improvement of real estate which he did not own, but only had an option to buy, and where in the petition it was alleged that the plaintiff furnished the material upon the faith of the other defendants being partners with the defendant to whom the material was furnished, and where these latter defendants had afterwards acquired from the first defendant the option to buy the land, and had bought it after the expiration of the option, and where the plaintiff's evidence was as above indicated, the court did not err in awarding a nonsuit as to the defendants to whom the material was not furnished but who had acquired title to the land after the improvements had been put upon it; and since it appears from the evidence that there was no liability against the defendants in whose favor the nonsuit was granted, the court had no jurisdiction to enter a judgment against the other defendant where the latter had not waived or consented to the court's jurisdiction as to himself; and the judgment could afterwards, on motion for lack of juris-

diction, be set aside. *Warren* v. *Rushing*, 144 *Ga.* 612 (87 S. E. 775). Where upon the hearing of the motion to set aside the judgment it did not appear that the defendant had waived or consented to the jurisdiction as to himself, the court did not err in sustaining the motion. The defendant's being in default for failure to file a plea can not be an admission by him as to the court's jurisdiction as to his person, where it is alleged in the petition that the defendant's residence is in a county other than that in which the suit is brought.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 6, 1930. REHEARING DENIED SEPTEMBER 26, 1930.

822

*Wheeler & Kenyon, C. H. Feagan,* for plaintiff.
*Tye, Thomson & Tye, R. A. Edmondson Jr.,* for defendants.