**L. D. WOODS and Evelina K. Woods,**
**Appellants,**

**v.**

**ALLIED CONCORD FINANCIAL COR-**
**PORATION (DELAWARE), Appellee.**

**No. 23198.**

United States Court of Appeals
Fifth Circuit.

March 3, 1967.

Rehearing Denied April 20, 1967.

Carl K. Nelson, Jr., Nelson & Nelson, Dublin, Ga., for appellants.

Robert C. Norman, Wyck A. Knox, Jr., Augusta, Ga., for appellee, Hull, Towill & Norman, Augusta, Ga., of counsel.

Before BROWN, GOLDBERG and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge.

In this diversity suit the district judge granted summary judgment for $60,-526.71, plus interest and attorney's fees, in a matter growing out of the sale to plaintiff of a series of mortgage notes

executed by various parties and endorsed, with recourse, by defendant L. D. Woods as partner in Woods Loan and Realty Company. The suit also alleged that Mrs. Evelina K. Woods was a member of the partnership with her husband, L. D. Woods, and on the basis of the affidavits, depositions and exhibits, the trial judge granted judgment against both Mr. and Mrs. Woods as partners.

■ Appellant, Mrs. Woods, contends that there is an issue of fact as to whether there was a partnership in existence between her and her husband. She also avers that the trial court erred in admitting the affidavit of E. S. Egge, Sr., representative of plaintiff (accompanied by supporting exhibits and statements), purporting to show that plaintiff relied on Mrs. Woods holding herself out as a partner as a consideration of the present transaction. The Egge affidavit was filed on the day of the trial of the motion for summary judgment and appellant urges that under Rule 56(c) of the Federal Rules of Civil Procedure it was necessary that it be served with the motion at least ten days prior to the time fixed for the hearing. However, appellant ignores the provisions of Rule 6(d) which should be read in conjunction with Rule 56(c) and which authorizes the court to permit opposing affidavits to be served at some other time. 6 Moore's Federal Practice § 2098. Also, under Rule 6(b), a rule of general application, the court for cause shown is given wide discretion to enlarge the time for doing an act required or allowed under the rules to be done within a specified time. 1 Barron and Holtzoff (Wright ed. 1961) Federal Practice and Procedure § 215. The Egge affidavit primarily identified attached original letters and joint financial statements of L. D. Woods and Evelina K. Woods, prepared and forwarded by defendants to Mr. Egge as assistant vice president of plaintiff corporation. Numerous security deeds which were assigned by the partnership by L. D. Woods as partner were included in the affidavit by reference. In the affidavit Mr. Egge, who had actively handled these transactions for his company, stated that plaintiff corporation relied upon the fact that both Mr. and Mrs. Woods were members of the partnership in extending credit and purchasing promissory notes from them. Apparently defendants did not dispute the Egge averments or the attached documents for no request was made to the court for additional time to refute the contents of the affidavit, nor did defendants avail themselves of an opportunity to cross-examine affiant at the time of the hearing on the motion. Obviously there was no abuse of discretion by the trial judge in receiving the Egge affidavit.

■ The evidence before the court on the motion showed that Mr. Woods had testified in a sworn deposition that his wife was his partner and that she was so considered. Mrs. Woods's deposition was to the same effect. However, prior to the hearing she submitted an affidavit denying the existence of the partnership. The affidavit contains mere conclusions of fact and does not attempt to answer specifically the admissions in her deposition. It does not, therefore, create a genuine issue as to a material fact. See Rule 56, Fed.R.Civ.P.

■ Under Georgia law it is clear that if a person permits herself to be held out to the world as a partner in a business she will be bound for the partnership contracts, Carlton v. Grissom & Co., 98 Ga. 118, 26 S.E. 77 (1922), and she is estopped from denying her connection with the partnership. Mims v. Brooks & Co., 3 Ga.App. 247, 59 S.E. 711 (1907).

■ Appellant urges that there are errors in the amounts sued on, proper credit not having been given for all the payments on account. However, the trial judge in granting the motion for summary judgment also allowed a period of two weeks thereafter for defendant to verify the correctness of the amounts due. No exception was taken by Mrs. Woods to the correctness of the account within the delay prescribed.

Appellant now objects that judgment should not be rendered against her for attorney's fees because she was not notified in accordance with the applicable Georgia statute. However, no such objection was made before the trial judge, and we are satisfied that the certified mail service of notice addressed separately to Mr. and Mrs. Woods but received and receipted for by Mr. Woods constituted sufficient notice to her since we are convinced that Mr. Woods had authority to represent the partnership.

Affirmed.