61246. POPE v. TRIANGLE CHEMICAL COMPANY.
61247. POPE v. BVC DISTRIBUTING COMPANY.

QUILLIAN, Chief Judge.

The defendant, Emory Pope, appeals from a jury verdict for the plaintiffs — Triangle Chemical Company and BVC Distributing Company, on an open account. Plaintiffs alleged that they supplied fertilizer, chemicals, and other items to Pope and France Mathis to produce a cabbage crop. Plaintiffs contended that Pope and Mathis were partners and that Pope personally guaranteed the payment of the debt on the open account. Pope denied that he was a partner with Mathis and his sole participation was to provide the money to Mathis for the purpose of growing the crop. He asserted the defense of the Statute of Frauds, e.g., that a promise to answer for the debt of another must be in writing. See Code Ann. § 20-401 (2) (Code § 20-401 as amended Ga. L. 1962, pp. 156, 427). The jury found for the plaintiffs and the defendant brings this appeal. *Held:*

1. Defendant's first enumeration of error alleges that "[t]he court erred in admitting certain evidence in the nature of declaration [sic] by co-defendant Mathis . . ." On appeal it is argued that "the statements made were irrelevant and further that the jury was incorrectly instructed regarding the admissibility of the statements."

We will not address that portion of the argument going to the charge of the court as that is not included within the enumerated error. *Hurston v. Ga. Farm Bureau,* 148 Ga. App. 324, 326 (2) (250 SE2d 886).

This enumeration suffers from the same malady addressed by this Court in *MacDonald v. MacDonald,* 156 Ga. App. 565 in which we held that the enumeration was couched in terms which were too broad and did not direct the Court's attention to the specific error. It is impossible to tell, from the enumeration, which specific portion of the testimony of Mathis is alleged to be objectionable. In the appellate brief counsel points to two separate portions of the testimony of this witness. The second portion contained in the brief was unobjected to at the trial and may not be asserted as error for the first time on appeal. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224). Furthermore, each enumeration should address only one error and we will consider the remaining portion. *MacDonald v. MacDonald,* 156 Ga. App. 565, supra; Code Ann. § 6-810 (Ga. L. 1965, pp. 18, 29; as amended through 1968, pp. 1072, 1077).

The issue thus presented is whether a statement made by Mathis to one of the plaintiffs that "he had some new partners" was relevant on the issue as to whether or not a partnership existed between Mathis and Pope. "Any fact is relevant which, when taken

alone or in connection with another or others would warrant the drawing by the jury of a logical inference with reference to the issue on trial." Green, Ga. Law of Evidence 152, Relevancy § 61; *MacNerland v. Johnson,* 137 Ga. App. 541 (1) (224 SE2d 431). The statement is not subject to the objection made. As to admissibility of admissions of party opponents, see Code Ann. §§ 38-403, 38-404 (Code §§ 38-403, 38-404), and partners—Green, Ga. Law of Evidence 550, Admissions of Party-Opponent § 258; Agnor's Ga. Evidence 219, Hearsay § 11-11; *Reliance Fertilizer Co. v. Perry,* 23 Ga. App. 580, 582 (99 SE 44).

2. The trial court did not err in admitting plaintiff's documentary evidence as business records because a proper foundation was established that they were "prepared in the ordinary course of business . . . as business records." See *Liberty Loan Corp. v. A.P.S., Inc.,* 147 Ga. App. 492 (2) (249 SE2d 308); Green, Ga. Law of Evidence 619, Business Entries as Evidence § 313.

3. It was not error for the trial court to refuse to direct a verdict for the defendant at the close of evidence offered by the plaintiffs, and again at the close of evidence of the defendant.

It was the plaintiffs' contentions that defendant was a partner, or an ostensible partner, with France Mathis and was liable for the partnership debt, and further that he "guaranteed the payment of the open account." Defendant contended, (a) he had no partnership agreement with Mathis, nor was he "an ostensible or apparent partner," and (b) could not be held liable for the open account sued upon because the Statute of Frauds, Code Ann. § 20-401 (2), requires a promise to answer for the debt of another to be in writing.

(a) A partnership may be established either by a writing or by parol (Code Ann. § 75-101 (Code § 75-101)), or as to third persons — such as Triangle and BVC, a joint interest in profits and losses of the business, but a common interest in profits alone would not. Code Ann. § 75-102 (Code § 75-102). "The issue of partnership or no partnership, raised by the pleading[s] [and evidence] in this case, was broad enough to authorize proof by the plaintiff of either a partnership in fact or an ostensible partnership." *Reliance Fertilizer Co. v. Perry,* 23 Ga. App. 580, supra. "An ostensible partner is one whose name appears to the world as such, and he shall be bound, though he has no interest in the firm." Code Ann. § 75-104 (Code § 75-104). The defendant stated that his interest was limited to "backing" Mathis, with a 10% interest in the profits.

An actual contract by which a partnership is formed is not always essential to support the liability of one person as the partner of another. "As to third persons, he may assume such a liability by inducing them to extend a credit upon the faith of his representations

made by him, either express or implied, to the effect that he was a partner and as such liable." *Carlton v. Grissom & Co.,* 98 Ga. 118, 121 (2) (26 SE 77). "Whatever may be the interest of the parties, and whether they be, in fact, partners under the bargain or not, they will be liable, as such, if they so act as to hold themselves out to the world as such." *Sankey & Shorter v. Columbus Iron Works,* 44 Ga. 228 (2). Thus, "[c]redit extended to a firm on the faith of representations by a person that he is interested in the same, will create a debt against him as a partner." *Carmichael v. Greer, Lake & Co.,* 55 Ga. 116 (3); accord, *Southern Cotton Oil Co. v. Brownlee,* 26 Ga. App. 782 (1) (107 SE 355).

Mathis had a prior account with Triangle and BVC but they declined to extend him "credit for 1979 on his merits alone." After Mathis told BVC's president, Joe Clark, that "he had some new partners," Clark called Pope to verify what Mathis told him. "Pope told me that was correct, he was backing Mr. Mathis . . . He said it would be all right to let him have the goods . . . I just stated to him that Mr. Mathis had been by and said he was in the cabbage business with him and asked him if that was true and he said it was . . . he and Pee Wee Mills were backing him."

Mr. Nash, District Manager for Triangle, testified that Mathis told him "he and Pope were working together on this crop and that Mr. Pope would be responsible for the bills." "[B]ecause Mr. Pope was to be paying the bills on the cabbage crop, at that point in time we decided to extend some credit based on the fact that both of them would be involved." Nash spoke to Pope who told him he and Mathis "were growing this cabbage crop together and he was acting as more or less handling the money and France, Mr. Mathis, was growing the crop . . . [Pope] told me in the conversation that he was responsible for the bill." Prior to this conversation, two purchases had been made by Mathis amounting to $671.10. Nothing was placed in writing to verify Pope's purported agreement to be responsible for items purchased by Mathis.

Pope testified that he had conversations with Clark and Nash, but denied he told them he authorized purchases to be charged to his name or that a partnership existed between him and Mathis. He stated that he told them only that he and Mr. Mills "were supplying Mathis with the money and it was up to Mathis to settle the account."

The jury was instructed on the formation of a contract, and agreement to pay for the debt of another, and the creation of a partnership — both as between the partners, and as to third persons.

"Partnership or no partnership is generally a mixed question of law and fact, and can not be resolved as a matter of law unless the verdict one way or the other is demanded by the evidence." *Miraglia*

*v. Gose,* 17 Ga. App. 639 (2) (87 SE 906). Whether a person has held himself out as a partner, and whether a third person has relied upon such acts, is a question of fact for the jury. *Chambliss v. Hall,* 113 Ga. App. 96, 99 (2) (147 SE2d 334). Verdict was not demanded for the defendant and the issue was properly reserved for the jury as the evidence was in conflict. Accordingly, it was not error to deny defendant's motions for directed verdict. *Young v. Wiggins,* 229 Ga. 392 (1) (191 SE2d 863); *Kamensky v. Stacey,* 134 Ga. App. 530 (2) (215 SE2d 294); see also *Mims v. Brook & Co.,* 3 Ga. App. 247, 249 (59 SE 711); *Meinhard &c. Co. v. Bedingfield Mercantile Co.,* 4 Ga. App. 176, 181 (61 SE 34); *Mitchell v. Craig & Co.,* 11 Ga. App. 79 (1) (74 SE 716); *Elliott v. Floyd,* 85 Ga. App. 416, 421 (69 SE2d 620).

(b) Defendant's reliance upon the Statute of Frauds is not well founded. The Statute does provide that a promise to answer for the debt of another must be in writing to be enforceable. Code Ann. § 20-401 (2), supra. However, the promise required by this section to be in writing does not include an original undertaking. *Moate v. H. L. Green Co.,* 95 Ga. App. 493, 504 (98 SE2d 185); see also *Cordray v. James,* 19 Ga. App. 156 (1) (91 SE 239); *Maddox v. Pierce,* 74 Ga. 838; *Crowder v. Keys,* 91 Ga. 180, 181 (16 SE 986); *Easterling v. Bell,* 29 Ga. App. 465 (1) (116 SE 50). Thus, where the promisor "guarantees" another's debt with additional qualifying words such as he would see that the creditor gets paid, and that he is responsible for the bill, and credit is extended in reliance upon such words, the jury would be authorized to find that this was an original undertaking. *Chastain-Roberts Co. v. Better Brands,* 141 Ga. App. 186, 190 (233 SE2d 5).

4. We must note that Triangle had extended prior credit to Mathis before the defendant advised Mr. Nash that he was "backing" Mathis. The prior amount was not extended in reliance upon Pope's conversation with Nash. "Whether or not a person who holds himself out to the world as an ostensible partner in a partnership of which he is not a member is bound to another person by virtue of this ostensible relation, he can not, by virtue of this relation, become bound for a partnership debt which he himself did not contract for, unless the creditor, when extending the credit, had notice of the ostensible relation, and believed that the person holding himself out as a partner was in fact a member of the partnership." *Davis-Washington Co. v. Vickers,* 41 Ga. App. 818 (1) (155 SE 92); see also *American Cotton College v. Atlanta Newspaper Union,* 138 Ga. 147 (4) (74 SE 1084). Because the credit for those two items was extended before Nash spoke to Pope, he could not have relied upon Pope's affirmance of his relationship with Mathis in the extension of credit. The fact that Nash testified that Pope did not disaffirm the

previous items of credit does not change the result for this places those two previous items within the Statute of Frauds — as previously discussed. Accordingly, the judgment for Triangle will be affirmed on condition that the pre-existing debt in the amount of $671.10 be written off, otherwise it is reversed.

*Judgment affirmed on condition as to 61246; Judgment affirmed as to 61247. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 5, 1981.

*Larkin M. Fowler, Jr.,* for appellant.
*G. Keith Murphy,* for appellee.