## 67190. BLOISE v. TRUST COMPANY BANK OF SAVANNAH, N.A.

SHULMAN, Presiding Judge.
Appellee sued appellant and others (not parties to this appeal) on a note. Appellant, a resident of New York, filed an answer in which he

denied that the Georgia Long Arm Statute (OCGA § 9-10-91) subjected him to the jurisdiction of the State Court of Chatham County. After the trial court denied his motion to dismiss for lack of personal jurisdiction and granted the bank's motion for summary judgment, appellant filed this appeal.

1. "A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: (1) Transacts any business within this state . . ." OCGA § 9-10-91 (1).

"[T]he trend . . . is to construe long arm 'transacting any business' statutes most liberally and to uphold the jurisdiction of the court of the plaintiff's residence in actions arising, either directly or indirectly out of such transactions." *Davis Metals v. Allen*, 230 Ga. 623, 626 (198 SE2d 285).

The note upon which the bank brought suit was the third renewal of a loan made by the bank to a partnership called Blisco Enterprises. The loan had been executed on May 28, 1981, and renewed in August 1981 and November 1981. The final renewal was executed on January 25, 1982, by Duane Green and John Cox on behalf of Blisco Enterprises. Subsequent to the closing of the original loan, but prior to the first renewal thereof, appellant Bloise signed two documents, a "Simple Partnership Agreement" and a "Partnership Certificate of Authority," in a New Jersey airport. The partnership agreement stated that Bloise and the other partners were residents of Chatham County, Georgia; that the partnership was to have its principal place of business in Chatham County; that its only business was to purchase certain equipment from an individual and lease it to a corporation; that each partner agreed to contribute $7,500 in cash or property; that nonpayment of the contribution within 90 days of the date of the agreement would result in a forfeiture of his partnership interest by the nonpaying partner; and that the agreement was to be governed by Georgia law. In the certificate of authority, each signator certified that he was a general partner of Blisco Enterprises, authorized appellee bank to accept deposits for the partnership, authorized any one of the partners to borrow money on behalf of the partnership, and authorized any partner to enter into any agreement with appellee in regard to commercial banking transactions on behalf of the partnership. Each signator further agreed that, no matter what happened to the partnership, the certificate of authority would continue to be binding on each of them until the bank received written revocation of the authority. No such revocation has ever been received by the bank.

Although there is no evidence that appellant ever came to Georgia, there is evidence that two of the partners, acting on behalf of the

partnership, renewed the partnership's obligation to the bank three times after appellant signed a document authorizing them to do so, and the bank's suit is based on the last of these renewals. There is no question that the acts of Green and Cox constituted "transacting business" (*Davis Metals v. Allen*, supra), and that action is ascribed to appellant since Cox and Green were acting as his agents. OCGA § 9-10-91. Thus, the trial court did not err when it denied appellant's motion to dismiss.

2. However, we do find error in the grant of summary judgment to appellee insofar as appellant is concerned. Appellant never made a capital contribution to Blisco Enterprises; therefore, under the terms of the partnership agreement, he lost his interest in the partnership. However, since appellant represented that he was a Blisco partner by signing the partnership agreement and certificate of authority, he might still be held liable as an ostensible partner, as "one whose name appears to the world as [a partner]. An ostensible partner shall be liable as a partner even though he has no actual interest in the firm." OCGA § 14-8-1. Appellant signed the partnership documents in June 1981; the 90-day period within which he had to make his capital contribution to Blisco or lose his partnership interest had long expired by the time the note being sued upon was executed (January 25, 1982). Whether a person has held himself out as a partner and has been relied on as such by a third party is a question of fact, the resolution of which is for a jury. *Pope v. Triangle Chemical Co.*, 157 Ga. App. 386 (3) (277 SE2d 758); *Chambliss v. Hall*, 113 Ga. App. 96 (2) (147 SE2d 334). Therefore, it appears that the question as to whether the bank was entitled to rely upon appellant's earlier representations of partnership status must be answered by the trier of fact and not by means of the grant of a motion for summary judgment.

*Judgment affirmed in part and reversed in part. McMurray, C. J., and Birdsong, J., concur.*

DECIDED MARCH 5, 1984 —
REHEARING DENIED MARCH 21, 1984.

James L. Pannell, for appellant.
*Howard A. McGlasson, Jr., Stanley E. Harris, Jr., Lamar W. Davis, Jr., Elise B. Ossen*, for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing, appellee bank maintains that the certificate of authority established appellant's individual liability for the debt incurred by Blisco Enterprises. The certificate authorized each partner to enter into various banking transactions with appellee on behalf of the partnership, and the signators agreed that "this *author-*

*ity* shall continue binding" (emphasis supplied) on each of them regardless of the status of the partnership until written revocation of the authority was received by the bank. Contrary to appellee's assertions, the certificate did not impose *liability* on the individual signators for actions taken pursuant to the authority granted in the certificate. Thus, the question of ostensible partnership remains for the jury.

*Motion for rehearing denied.*